### Engineers National Bank v. Drew (et ux., Appellant).

60

Submitted March 20, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*S. Y. Rossiter,* for appellant.—The courts of this State, by comity, are not bound by a foreign judgment which contravenes the public policy or statutory law of Pennsylvania: McCurdy's Est., 303 Pa. 461; Union Trust Co. v. Crosman, 245 U. S. 412; Nesbitt v. Clark, 272 Pa. 161.

*R. M. Orcott,* for appellee.—The full faith and credit clause gives recognition to the operation and effect of the laws of another state upon persons and events within it: Hunt v. Snyder, 261 Pa. 257; Mitchell v. Liberty Clay Products Co., 291 Pa. 282; Oberlin v. Parry, 287 Pa. 224; Price v. Schaeffer, 161 Pa. 530.

There being no defense on the ground of payment, jurisdiction, fraud and collusion, and the foreign court having jurisdiction of the parties and subject-matter, the judgment is conclusive.

OPINION BY MR. JUSTICE SIMPSON, April 10, 1933:

In due course, judgment was entered in the Court of Common Pleas of Cuyahoga County, Ohio, upon a judg-

ment note executed by defendants, who are husband and wife. Upon an exemplification thereof, suit was brought in our Court of Common Pleas of Erie County, and plaintiff recovered judgment therein against the wife for want of a sufficient affidavit of defense. Later, she was granted a rule to show cause why the judgment should not be opened and she let into a defense, because it was her intention to apply to the Ohio court to open or modify the judgment there entered against her, on the ground that she had signed the judgment note as surety for her husband, and that no other consideration had moved to her for so doing.

In her ensuing application to the Ohio court, the wife alleged that she resided in this State; that the judgment note was executed and delivered by her here, "as accommodation maker or surety for her husband, of which said [plaintiff] had full knowledge and notice"; and that, by reason of this fact, the note was void as to her, because of section 2 of our Act of June 8, 1893, P. L. 344. Upon the presentation of her application, the Ohio court suspended all proceedings on the judgment there entered, but, after a hearing, vacated the suspension and reinstated the judgment as of the date of its original rendition, adding thereto, at appellant's request, a finding "that F. M. Drew [the husband] is the principal debtor and Blanche C. Drew [the wife] is surety in the above judgment."

This ended the proceedings in the Ohio court, the judgment therein remaining in full force and effect. Subsequently, the wife filed an amended affidavit of defense in the present suit, setting up the facts found and judgment entered in the Ohio court, as above set forth, and averring "that the Court of Common Pleas of Erie County, Pennsylvania, under those circumstances, is not, by comity, bound by the judgment of said Court of Common Pleas of Cuyahoga County, Ohio, in view of the fact that the said court found the said Blanche C. Drew to be a surety and said Blanche C. Drew became

such surety in the County of Erie, State of Pennsylvania." The court below, on rule duly taken, reëntered the judgment for want of a sufficient affidavit of defense, and the wife appealed.

The judgment must be affirmed. The question involved here is not one of comity but of constitutional law. The Ohio court has adjudged that appellant is liable to plaintiff for the amount claimed, despite her contention there, which she seeks to renew here. Under article IV, section 1 of the Constitution of the United States, no question of subsequent payment, or of jurisdiction of the person or subject-matter being involved, full faith and credit must be given to that judgment in all the other courts of the country, even though it is repugnant to the statutes of the state where it is sought to be enforced: Roche v. McDonald, 275 U. S. 449. The final arbiter having so held in the case last cited, nothing further could appropriately be added by us.

The judgment of the court below is affirmed.