## Suchman, etc., v. Parish, etc.

*David J. Conroy* and *James W. Scanlon*, for plain-
tiff.

*R. Carl Griffiths* and *Esdras F. Howell*, for defend-
ant.

EAGEN, J., May 9, 1951.—This is an action in as-
sumpsit upon judgments rendered against defendant
in the State of New Jersey. We have before us a
motion for judgment upon the pleadings as provided
for in Rule 1034 of the Pennsylvania Rules of Civil
Procedure. The question for decision is the legal suf-
ficiencey of defendant's answer to the complaint.

Summed up and analyzed, the only defense asserted
by defendant in the answer is that the transaction

upon which the foreign judgments are based was illegal and in violation of the statutes of the United States.

The law in Pennsylvania clearly defines and limits the defenses that may be interposed in an action of this nature. They are: (1) Lack of jurisdiction; (2) legal satisfaction; and, (3) nul tiel record.

"The judgment of a competent court in another state being final and conclusive on the merits, no defense can be heard in an action upon it, which goes to the merits of the original controversy . . .": Stilwell v. Smith, 219 Pa. 36. (syllabus)

The enforcement of the judgment of a sister State is a matter of constitutional law and where no question of subsequent payment, or of jurisdiction of the person or subject matter is involved, full faith and credit must be given to such a judgment. This is so even though the judgment is repugnant to the law and statutes of the State wherein it is sought to be enforced: Engineers National Bank v. Drew et ux., 311 Pa. 59.

Therefore, we conclude that the facts set forth in the answer go to the merits of the controversy and are insufficient to prevent judgment in this action.

Now, May 9, 1951, judgment is entered in favor of plaintiff and against defendant in the sum of $23,121.40, with interest thereon from February 3, 1950.