679 A.2d 234

Linda L. MORRISSEY

v.

Kirk E. MORRISSEY, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 29, 1996.

Filed June 21, 1996.

Wiley P. Parker, Lebanon, for appellant.

Joseph M. Hill, Jr., Lebanon, for appellee.

Before BECK, HUDOCK and BROSKY, JJ.

BECK, Judge.

The issue is whether under the Revised Uniform Reciprocal Enforcement of Support Act ("RURESA") an action for ar-

rearages under a registered foreign child support order is barred or limited by the relevant statute of limitations or by laches. The trial court held that the action was not barred and directed compliance with the order for the total amount of arrearages. We reverse and remand.

Appellant Kirk E. Morrissey ("Father") and appellee Linda L. Morrissey ("Mother") were divorced by a Texas decree on December 19, 1985. In that same order, Father was directed to pay Mother $200.00 monthly for the support of their children. Father subsequently moved to Lebanon County, Pennsylvania.[1]

Mother filed the 1985 Texas support order in Lebanon County, and the order was registered on May 2, 1995. According to the record, Mother claimed that Father had failed to make any payments under the support order, and thus owed arrearages in excess of $22,000.00. Father filed timely exceptions to the registration claiming, *inter alia*, that Mother's action was barred at least in part by laches or the four year statute of limitations relating to enforcement of judgments. 42 Pa.C.S. § 5525(5).

The court held a hearing during which Father testified that he has made cash payments to Mother over the years, but kept no receipts. Father also presented letters from Mother and the children postmarked or dated December 16, 1991, Christmas 1993, and April 30, 1994, which demonstrated Mother knew where Father lived at these times. In addition, the April 30, 1994 letter indicated that Mother had recently received cash from Father in the mail. There were also several cancelled checks dated in 1994 and 1995 that indicated some payments were made during this time.

Mother did not attend the hearing. Her counsel cross-examined Father and presented a notice from the Texas court clerk indicating that her office had not received payments

1. Father apparently lived in North Carolina for one year during 1987–1988. Except for payments due during this period, the law of Pennsylvania applies. 23 Pa.C.S. § 4507 (duties of support are those imposed under the laws of any state where obligor was present for the period during which support is sought).

from Father since June 15, 1985. The trial court found in favor of Mother, holding that the action to enforce the 1985 child support order was not barred by laches or a statute of limitations. The trial judge reasoned, and Mother argues to this court, that child support orders should not be subject to laches or a statute of limitations. Such restrictions contravene public policy and result in punishing children for delay by their parents in pursuing rights under a support order. Although we are mindful of these concerns, our review of the relevant statutes and case law leads us to a contrary result.

We first address Father's argument that Mother's action is barred by the statute of limitations. The RURESA authorizes an obligee under a foreign support order to register that order in a court of the Commonwealth of Pennsylvania. 23 Pa.C.S. §§ 4536-4540. Section 4540 of the RURESA describes the effect and enforcement of a registered order:

(a) **Effect.**—Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this Commonwealth. It has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a support order of this Commonwealth and may be enforced and satisfied in like manner.

(b) **Challenge to order.**—The obligor has 20 days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition, the registered support order is confirmed.

(c) **Procedure.**—*At the hearing to enforce the registered support order, the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment.* If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted, the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired or the order is vacated, upon satisfactory proof that the obligor has furnished security for payment of the support ordered as

required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this Commonwealth may be stayed, the court shall stay enforcement of the order for an appropriate period if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this Commonwealth.

23 Pa.C.S. § 4540 (emphasis added).[2]

In paragraph (a), section 4540 provides that the registered foreign support order is subject to the same defenses as a Pennsylvania support order. Therefore, one might conclude that the statute of limitations is inapplicable because in Pennsylvania support orders are not subject to the defense of the statute of limitations. However, paragraph (c) of section 4540 narrows the broad language of paragraph (a) by providing that, at the enforcement hearing, the obligor may present "only matters that would be available to him as defenses in an action to enforce a foreign money judgment." 23 Pa.C.S. § 4540(c). A foreign judgment is subject to a four year statute of limitations. 42 Pa.C.S. § 5525(5) (four year statute of limitations applies to "an action upon a judgment or decree of any court of the United States or of any state"). We conclude that the specific provision of paragraph (c) controls over the more general provision of paragraph (a), see 1 Pa.C.S. § 1933, thereby making the four-year statute of limitations applicable. Thus we conclude that Mother's action remains valid only with respect to arrearages that have accrued since April 20, 1991, because the action for enforcement of these obligations was brought within four years of the payment due date.[3]

2. We note that RURESA does not contain a statute of limitations in its text.

3. Mother's action was filed under the procedures for registration of a foreign judgment pursuant to the RURESA. However, we note that even under the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S. § 4306, which enables registration of foreign judgments in Pennsylvania, the four year statute of limitations at 42 Pa.C.S. § 5525(5) also would apply. *National Union Fire Ins. v. Nicholas*, 438 Pa.Super. 98, 651 A.2d 1111 (1994).

We find further support for our position in several cases decided by this court. In *Horowitz v. Horowitz*, 411 Pa.Super. 21, 600 A.2d 982 (1991), the divorced parties entered into a support agreement in January 1977. Mother commenced an action to enforce the agreement, based on father's failure to make payments, in April 1988. This court held that the four year statute of limitations barred collection of payments due before April 1984, four years prior to mother's enforcement action. The court reasoned that the accumulated arrearages were to be treated like judgments at the time each came due. *See* 23 Pa.C.S. § 3105(a) (obligation to pay support under agreement has same effect as court order). The defense of the statute of limitations applied despite the fact that child support payments were involved.

Although *Horowitz* involved a support *agreement* and not a support *order*, the statute of limitations has been similarly applied in cases involving alimony orders. In *Nucci v. Nucci*, 355 Pa.Super. 549, 513 A.2d 1059 (1986), this court applied the statute of limitations relating to judgments (then six years) to arrearages due on a New Hampshire alimony order. *See also Cohen v. Cohen*, 352 Pa.Super. 453, 508 A.2d 561 (1986) (six year statute of limitations applies to judgments and runs as to each installment of alimony as it becomes due). We therefore must reverse the trial court's decision to the extent it held that the statute of limitations does not bar any of Mother's claim to the alleged child support arrearages.[4] We hold that

4. Because we decide this appeal on the basis of the statute of limitations, we need not address the issue of laches. However, we do note that our review of the record does not reveal proof that Father was unduly prejudiced by Mother's delay, as required by our decisions on this issue. *See Bullock v. Bullock*, 432 Pa.Super. 643, 639 A.2d 826 (1994) (33 year delay in collecting arrearages from 1959 support order did not establish laches in the absence of prejudice to defendant obligor; statute of limitations not a bar because it did not begin to run until date of divorce in 1992); *Brendel v. Brendel*, 429 Pa.Super. 319, 632 A.2d 876 (1993) (attempt to collect arrearages from 1971 Texas support order in 1991 enforcement action was not barred by laches; statute of limitations not discussed); *Jackman v. Pelusi*, 379 Pa.Super. 361, 550 A.2d 199 (1988) (delay alone, no matter for how long, does not establish laches in collecting arrearages on support order; statute of limitations not discussed).

Mother is entitled to those amounts owing under the order from April 20, 1991 forward.

In reversing the trial court's decision in this matter, we recognize that certain additional factual findings must now be made regarding the exact amount due Mother. Father claims he has made various payments in cash, and the trial court apparently did not make any findings regarding these allegations. We remand so that the court may determine what Father actually owes since April 20, 1991, and any other findings that may be necessary consistent with this decision.

Reversed and remanded for further proceedings. Jurisdiction relinquished.