713 A.2d 614

**Linda L. MORRISSEY, Appellant,**

**v.**

**Kirk E. MORRISSEY, Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 9, 1997.

Decided June 16, 1998.

Joseph M. Hill, Jr., Lebanon, for Linda L. Morrissey.

Wiley P. Parker, Lebanon, for Kirk E. Morrissey.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

The issue in this appeal is whether Pennsylvania's four-year statute of limitations applicable to an action upon a judgment operated as a bar to registration and enforcement of a foreign support order under the Revised Uniform Reciprocal Enforcement of Support Act. We find that it did not and therefore reverse the order of the Superior Court.

In 1985, Linda Morrissey and Kirk Morrissey were divorced by a final decree entered in the Court of Common Pleas of Grayson County, Texas. In the decree, the Texas court directed Mr. Morrissey to pay $200.00 per month for the support of the parties' two minor children, until the first child reached the age of eighteen (the "Texas support order").[1] Mr. Morrissey subsequently moved to Lebanon County, Pennsylvania.

In April, 1995, Mrs. Morrissey registered the Texas support order in the Court of Common Pleas of Lebanon County, pursuant to Section 4539 of the Revised Uniform Reciprocal Enforcement of Support Act ("RURESA").[2] By doing so, she sought to initiate collection of approximately $22,000 in arrearages, which she alleged had accrued under the Texas support order over the past ten years. Mr. Morrissey filed timely exceptions, asserting that registration was barred, at least in part, by the statute of limitations applicable to actions upon judgments, 42 Pa.C.S. § 5525(5), by the statute of limitations applicable to foreign claims, 42 Pa.C.S. § 5521(b), and by the equitable doctrine of laches.

The Lebanon County court conducted a hearing on the exceptions and determined that registration of the Texas support order was not time barred, while reserving decision on other issues, including Mr. Morrissey's challenge to the amount of the arrearages owing. On appeal, the Superior Court reversed, holding that the four-year statute of limitations pertaining to an action upon a judgment, 42 Pa.C.S. § 5525(5), applied. *See Morrissey v. Morrissey,* 451 Pa.Super. 214, 679 A.2d 234 (1996). The Superior Court concluded that Mrs. Morrissey was entitled only to arrearages that had accrued since April 20, 1991 (four years prior to the date that registration under RURESA occurred) and remanded the matter for calculation.

---

**1.** Thereafter the decree required Mr. Morrissey to pay $100.00 per month for the support of the remaining minor child. At the time of the decree, the children were one and three years of age.

**2.** Act of October 30, 1985, P.L. 264, No. 66, 23 Pa.C.S. §§ 4501–4540 (repealed).

RURESA and its predecessor, the Uniform Reciprocal Enforcement of Support Act ("URESA"), were initially developed by the Conference of Commissioners of Uniform Laws to provide a means by which to compel parents who crossed state lines to fulfill their legal duty to support their children. *See generally* Hon. Mark S. Coven, *Welfare Reform, Contempt and Child Support Enforcement,* 30 SUFFOLK U.L.REV. 1067, 1078–79 (Winter 1997). Ultimately, some form of RURESA or URESA was enacted by all fifty states.[3] *Id.*

RURESA's express purpose of improving and extending by reciprocal legislation the enforcement of duties of support, *see* 23 Pa.C.S. § 4501(b) (repealed), was served by requiring Pennsylvania courts to afford foreign support orders the same effect as domestic support orders. Thus, under RURESA, a properly registered foreign support order:

> shall be treated in the same manner as a support order issued by a court of this Commonwealth. It has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a support order of this Commonwealth and may be enforced and satisfied in like manner.

23 Pa.C.S. § 4540(a) (repealed).

Domestic support orders that require periodic payments are treated as judgments that vest when each separate installment becomes due, but remains unpaid. *See* 23 Pa.C.S. § 4352(d); *see also* Pa.R.C.P. No.1910.23–1(a). After each judgment obtains, statutes of limitations such as would constrain the underlying cause of action no longer apply; the only limitations periods that affect collection are those applicable to *enforcement* efforts. For example, a twenty-year statute lim-

---

**3.** RURESA was repealed and replaced in 1996 by a successor statute known as the Uniform Interstate Family Support Act, Act of April 4, 1996, P.L. 58, No. 20 § 6 (current version at 23 Pa.C.S. §§ 7101–7802) ("UIFSA"), also derived from a uniform law. All of the uniform statutes governing interstate reciprocity in enforcing support orders were reposed within the Domestic Relations Code at Title 23 of Pennsylvania Consolidated Statutes.

its executions against personal property. *See* 42 Pa.C.S. § 5529.[4]

In this case, the Superior Court properly treated the arrearages under the Texas support order as periodic judgments in the manner of domestic arrearages. Its decision, however, to limit the enforceability of the order to the four-year period preceding registration resulted in substantially less favorable treatment than would be afforded to a domestic support order.

■ Under Pennsylvania law, foreign judgments are treated, in the first instance, not as judgments, but as rights of action. Historically, obligees were required to commence a civil action on the existing foreign judgment, consummating in a Pennsylvania judgment, before enforcement could be had in the Commonwealth.[5] *See, e.g., Engineers Nat'l Bank v. Drew,* 311 Pa. 59, 166 A. 376 (1933) (involving action on Ohio judgment); *Hunt v. Snyder,* 261 Pa. 257, 104 A. 603 (action on a New York judgment for support), *cert. denied,* 248 U.S. 566, 39 S.Ct. 9, 63 L.Ed. 424 (1918); *Stilwell v. Smith,* 219 Pa. 36, 67 A. 910 (1907) (action filed on Arizona judgment); *see also Nobel Well,* 348 Pa.Super. at 274 & n. 8, 502 A.2d at 204 & n. 8; *see generally* 30 Am.Jur.2d *Executions and Enforcement of Judgments* § 775 (1994). Accordingly, the four-year statute of limitations of Section 5525(5) (the "four-year statute"), directed to actions upon judgments, expressly applied.[6] *Id.*

**4.** Pursuant to the Domestic Relations Code, a support order is enforced primarily by means of execution. 23 Pa.C.S. § 4352(d). Notably, the Code also provides for various supplemental remedies in aid of such execution, for example, attachment of income. *See, e.g.,* 23 Pa.C.S. § 4348.

**5.** The cause was originally asserted as an action in debt or assumpsit. *See Merchants' Ins. Co. v. De Wolf,* 33 Pa. 45 (1859); *see also Nobel Well Service, Inc. v. Penn Energy, Inc.,* 348 Pa.Super. 267, 274 n. 8, 502 A.2d 200, 204 n. 8 (1985). Such actions differ from ordinary civil actions in that defenses are limited to those that would destroy the full faith and credit otherwise attaching to the foreign judgment. *See Barnes v. Buck,* 464 Pa. 357, 364, 346 A.2d 778, 782–83 (1975); *see also Morris Lapidus Assoc. v. Airportels, Inc.,* 240 Pa.Super. 80, 86, 361 A.2d 660, 664 (1976).

**6.** Section 5525(5) of the Judicial Code provides that:

However, in enacting the various statutes providing for registration of foreign judgments,[7] the legislature implemented streamlined procedures for domesticating foreign judgments, establishing registration as an alternative to the commencement of a civil action. In the case of RURESA, a foreign support order became immediately enforceable in Pennsylvania upon its registration. *See* 23 Pa.C.S. § 4540(a) (repealed). Such registration did not require the commencement of an action, an adjudication of rights, the consummation of a new judgment or the entry of any other order of court. Rather, registration became effective merely by making a required filing,[8] and court involvement became necessary only upon the filing by the obligor of a petition to reopen, vacate or stay the registration, 23 Pa.C.S. § 4540(a), (b) (repealed), and to the extent necessary to the enforcement of the registered support order.[9]

> The following actions and proceedings must be commenced within four years:
>
> \* \* \*
>
> (5) An action upon a judgment or decree of any court of the United States or of any state.
>
> 42 Pa.C.S. § 5525(5). The term "action" itself is defined in the Judicial Code as "[a]ny action at law or equity." 42 Pa.C.S. § 102. Under the Pennsylvania Rules of Civil Procedure, a civil action is commenced by the filing of a writ of summons or a complaint. Pa.R.C.P. No. 1007.

7. Such statutes include RURESA, its predecessor URESA, RURESA's successor UIFSA, and the more generally applicable Uniform Enforcement of Foreign Judgments Act ("UEFJA"), Act of July 9, 1976, P.L. 586, No. 142 § 2 (current version at 42 Pa.C.S. § 4306). UEFJA establishes a procedure for registration of foreign judgments, which is substantially similar to the procedure formerly available under RURESA for registration of foreign support orders only. Indeed, UEFJA offers an alternative means for registration of arrearages due under a foreign support order.

8. To achieve proper registration, an obligee under a foreign support order was required to file: a certified copy of the foreign support order (with all modifications), a copy of the reciprocal enforcement of support law of the state in which the support order was entered, and a verified statement signed by the obligee. *See* 23 Pa.C.S. § 4539 (repealed).

9. RURESA also permitted the obligee, alternatively, to file a petition seeking enforcement of the support order in the state of the obligee's residence, which was then required to forward the claim to the state in which enforcement was sought. *See* 23 Pa.C.S. §§ 4511–4526 (repealed). Such procedure is not relevant here.

Thus, RURESA *eliminated* the need to commence a separate civil action as the vehicle to achieve domestic enforcement of foreign support orders, and the four-year statute of limitations applicable to actions on judgments, by its terms, did not apply to registration under the act.[10]

In its opinion in this case, the Superior Court acknowledged the elimination of the requirement of a civil action upon a foreign support order to achieve domestic enforcement and recognized the legislative directive to afford to such orders the same effect as accorded to domestic support orders. It found, however, that the "procedures" portion of the registration provision, 23 Pa.C.S. § 4540(c) (repealed), incorporated the four-year statute into RURESA, and that the reasoning of an earlier decision, *National Union Fire Ins. of Pittsburgh, Pa. v. Nicholas*, 438 Pa.Super. 98, 651 A.2d 1111 (1994), also required application of the limitation. *See Morrissey*, 451 Pa.Super. at 217 & n. 3, 679 A.2d at 236 & n. 3.

In *Nicholas*, the Superior Court determined that the four-year statute applied to registration and enforcement proceedings under UEFJA. The court properly recognized that, by

**10.** A number of courts from other jurisdictions have reached the same conclusion when considering the applicability of similar statutes of limitations to registration under RURESA, URESA and UEFJA. *See State ex rel. Inman v. Dean*, 902 P.2d 1321, 1323 (Alaska 1995) (holding that Alaska's ten-year statute of limitations governing an action upon a judgment did not apply to RURESA registration and enforcement); *State ex rel. Valdez v. Valdez*, 941 P.2d 144, 151 (Alaska 1997) (same); *Producers Grain Corp. v. Carroll*, 546 P.2d 285, 287 (Okla.Ct.App.1976) (holding that registration of foreign judgment under UEFJA "does not involve the institution of an action to enforce the judgment; it requires, to give the foreign judgment immediate legally enforceable consequences, only that it be filed in accordance with its provisions"); *see also Myers v. Hoover*, 157 Ind.App. 310, 300 N.E.2d 110, 113 (1973) (finding that proceedings supplemental to execution did not constitute civil action on a judgment). A few jurisdictions have taken a contrary view. *See, e.g., Lawrence Systems, Inc. v. Superior Feeders, Inc.*, 880 S.W.2d 203, 208 (Tex.App.1994). In reviewing the relevant decisions, however, care must be taken to discern whether the statute of limitations at issue was directed to actions on judgments or to some other form of proceeding. *See Lawrence*, 880 S.W.2d at 214–15 (Reynolds, C.J., dissenting)(noting that a number of the cases upon which the *Lawrence* majority premised its decision represented applications of state limitations periods tailored to *enforcement* proceedings, rather than actions upon judgments).

providing the registration procedure under UEFJA, the legislature intended to benefit obligees under foreign judgments by eliminating burdensome procedural requirements associated with a civil action on a judgment. Nevertheless, it concluded that:

> [h]owever essentially dissimilar the two procedures for domesticating the foreign judgment, the effect of the judgments obtained is identical. Thus, *there would appear to be no logical basis upon which to impose two different periods of limitations.*

*Nicholas,* 438 Pa.Super. at 107–08, 651 A.2d at 1116 (emphasis added).

The difficulty with this conclusion is that there are, in fact, logical and legitimate reasons for adopting a uniform law providing for reciprocal enforcement of judgments (and, in the case of RURESA, support orders) which does not implicate the four-year statute applicable to civil actions brought for the same purpose. In addition to the improvement and extension of reciprocal enforcement, and in light of the fact that the registration statutes are non-exclusive, the limited applicability of the four-year statute also encourages use of the streamlined registration procedure over the more cumbersome civil action. *See generally Nobel Well,* 348 Pa.Super. at 275, 502 A.2d at 204–05 (recognizing the efficacy of the UEFJA registration procedure and resulting benefits to the administration of justice).

More important, application of the four-year statute simply is not required by the terms of UEFJA.[11] *See* 42 Pa.C.S. § 4306. Statutes of limitations affecting personal actions are procedural in nature, *see, e.g., Goldstein v. Stadler,* 417 Pa. 589, 591 n. 1, 208 A.2d 850, 851–52 n. 1 (1965), and nothing in UEFJA suggests that the four-year statute should be treated any differently than any other abandoned procedural requirement associated with an action upon a judgment.

**11.** Notably, UEFJA does not contain language similar to the provision of Section 4540 of RURESA, relied upon by the Superior Court in this case in reaching its conclusion that RURESA expressly incorporates the four-year statute.

Indeed, the very reason that states may apply their own statutes of limitations to foreign judgments without violating the Full Faith and Credit Clause of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment is because of their procedural aspect.[12]  *See M'Elmoyle*, 38 U.S. at 327, 10 L.Ed. 177;  *see also supra* note 10 (citing *Carroll*, 546 P.2d at 287).

In this case, the Superior Court also relied upon Section 4540(c) of RURESA to support its conclusion that the Texas support order was subject to a four-year limitation.  Section 4540(c) provided that, at the hearing to enforce a registered support order, the obligor could present only matters that would be available to him as defenses in an action to enforce a foreign money judgment.  23 Pa.C.S. § 4540(c) (repealed).  The Superior Court found that such defenses included the four-year statute.  *See Morrissey*, 451 Pa.Super. at 217, 679 A.2d at 236.  Recognizing that this interpretation created an apparent conflict between subsection 4540(c) and subsection 4540(a) (requiring equal treatment as between foreign and domestic support orders), the Superior Court reasoned that subsection 4540(c) controlled on the strength of its greater specificity.  *Id.*

Subsections (a) and (c), however, address separate aspects of the registration and enforcement process.  Subsection (a) relates to the registration aspect, according foreign support orders, immediately upon registration, the same status as

**12.**  States are free to apply their own statutes of limitations to close their doors to judgments rendered in other states to the extent that the statute is reasonable and is applied in a non-discriminatory fashion. *M'Elmoyle for the use of Bailey v. Cohen*, 38 U.S. (13 Pet.) 312, 327, 10 L.Ed. 177 (1839);  *see generally Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 518–19, 73 S.Ct. 856, 858–59, 97 L.Ed.2d 1211, 1213 (1953) (finding no full faith and credit violation where Pennsylvania applied its shorter statute of limitations and refused to hear a tort claim based upon an out-of-state accident, but noting that violation occurs where the forum state "laid an uneven hand on causes of action arising within and without" the forum state).  The United States Supreme Court has specifically cautioned, however, that "the decisions of this Court . . . do not justify the discriminatory application of a statute of limitations to foreign actions." *Watkins v. Conway*, 385 U.S. 188, 189, 87 S.Ct. 357, 358, 17 L.Ed.2d 286, 287 (1966) (addressing a Georgia statute of limitations applicable to actions on foreign judgments).

domestic support orders for purposes of subsequent enforcement. 23 Pa.C.S. § 4540(a) (repealed). The obligor's remedy to contest registration is to challenge the order by petition to reopen, vacate or stay the order. 23 Pa.C.S. § 4540 (a), (b) (repealed). As the Superior Court acknowledged, the four-year statute clearly does not apply when considering Section 4540(a), because the limitation does not operate as a bar to domestic support orders. *See Morrissey*, 451 Pa.Super. at 217, 679 A.2d at 236.

Subsection (c), on the other hand, is not directed to registration or to the effect of the registered order. To the contrary, it is expressly directed to subsequent *enforcement*, establishing the procedure for the hearing *to enforce* the registered support order. An action upon a judgment, to which the four-year statute would apply, is not the equivalent of an enforcement proceeding.[13] By eliminating the necessity of an action upon a judgment as a prerequisite to reciprocal enforcement of a foreign support order and providing the ministerial act of registration as an alternative, the legislature advanced the obligee to the *enforcement* stage, at which point the four-year statute has no relevance. Section 4540(c), then, implicated only those periods of limitation applicable to *enforcement* proceedings.[14]

13. The fundamental distinction between actions upon judgments and enforcement proceedings is recognized in a majority of jurisdictions. *See Dean*, 902 P.2d at 1323–24 & n. 6 (distinguishing between an action upon a judgment and post-judgment proceedings undertaken to enforce a domestic judgment debt, including RURESA proceedings, and holding that Alaska's ten-year statute of limitations governing actions upon judgments did not apply to RURESA action); *Carroll*, 546 P.2d at 287 (holding that an enforcement proceeding under UEFJA is not an action upon a judgment); *see also Fischoff v. Tometich*, 113 N.M. 271, 824 P.2d 1073, 1075 (1991); *DeKalb Swine Breeders, Inc. v. Woolwine Supply Co.*, 248 Kan. 673, 809 P.2d 1223, 1228 (1991); *Koerber v. Middlesex College*, 136 Vt. 4, 383 A.2d 1054, 1057 (1978); *Myers*, 300 N.E.2d at 113; *see generally* 30 Am.Jur.2d *Executions and Enforcement of Judgments* § 43 (1994)(stating that "[t]here is an inherent distinction between an action on a judgment and an execution, in that an action on a judgment constitutes an original cause of action, while an execution does not"); *see also id.* at §§ 6, 75; 47 Am.Jur.2d *Judgments*, at §§ 944, 945.

14. *See supra* note 10 (citing *Dean*, 902 P.2d at 1323). The limited aim of Section 4540(c) is also made apparent by specific enumerated

■ We conclude, therefore, that the four-year statute applicable to actions upon judgments does not bar registration and enforcement of the Texas support order pursuant to RURESA. This interpretation comports with the legislature's intent to maintain substantially equal access to the means to enforce support obligations as between children residing in Pennsylvania and children residing in other states.[15]

examples. Immediately following the language relied upon by the Superior Court, the subsection continues, "[i]f [the obligor] shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted, the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired or the order is vacated. . . ." Thus, it is clear that the legislature intended to permit the obligor to raise only such defenses as go directly to the present *enforceability* of the foreign support order, *not* procedural limitations implicated by the requirements of former practice.

A contrary interpretation of Section 4540(c) would result in greater restriction upon registration of support orders than imposed upon registration of foreign judgments generally under UEFJA, which by its terms clearly does not implicate the four-year statute.

**15.** We note that both UIFSA, RURESA's successor statute, and legislation recently enacted by the United States Congress, *see* Full Faith and Credit for Child Support Order Act ("FFCCSOA"), Pub.L. No. 103–383, § 3(a), October 22, 1994, 108 Stat. 4064 (revised version at 28 U.S.C. § 1738B), would compel the same result. Both of these statutes require reciprocal enforcement of child support orders and provide that the controlling period of limitation is the *longer* of applicable domestic and foreign statutes of limitations. 28 U.S.C. § 1738B(h)(3); 23 Pa. C.S. § 7604. Apparently, Texas law is generous to the enforcement of domestic and foreign support orders and would not bar Mrs. Morrissey's claims. *See, e.g., In re Kuykendall*, 957 S.W.2d 907, 910–11 (Tex.App.1997) (finding obligee liable for arrearages under foreign support order accrued over an eighteen-year period). Therefore, under either UIFSA or FFCCSOA, the Texas statute would control over any shorter Pennsylvania limitation.

Several jurisdictions have concluded that UIFSA and FFCCSOA should be retroactively applied. *See, e.g., Welsher v. Rager*, 127 N.C.App. 521, 491 S.E.2d 661, 664–65 (1997) (concluding that UIFSA should be applied retroactively); *Child Support Enforcement Div. of Alaska v. Brenckle*, 424 Mass. 214, 675 N.E.2d 390, 393 (1997) (same); *DCSE v. DeBussy*, 707 A.2d 44 (Del.Fam.Ct. 1997) (citing cases concluding that FFCCSOA should be retroactively applied). Because neither party to this appeal has advanced such an argument, and the result reached by the Lebanon County court is consistent with UIFSA and FFCCSOA, it is unnecessary to address issues of retroactive application in this case.

Accordingly, the order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of Lebanon County for further proceedings consistent with this Opinion.