Charles S. GODDARD, Appellant

v.

Yvonne HEINTZELMAN, Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 24, 2005.
Filed May 19, 2005.

Linda S. Gardner, Bethlehem, for appellant.

Thomas J. Carlyon, Hazleton, for appellee.

Before: HUDOCK, MONTEMURO * and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 This is an appeal from a trial court's order that registered and confirmed a California order for child support against appellee-Mother and in favor of appellant-Father. On appeal, Father contends that the trial court erred in calculating arrears because the court refused to include interest due. Father also claims that the trial court improperly set an arrears payment schedule without permitting Father to establish that other methods of payment were more appropriate. We reverse and remand for further proceedings.

### FACTS

¶ 2 Mother and Father's son was born in 1986 and Father was granted sole legal and physical custody of the child under an order entered in the California Superior Court on September 1, 1988 (the California Order). That same order commanded Mother to pay child support to Father in the amount of $151.00 per month until the child reached the age of majority.

¶ 3 In April of 2004, Father sought to register the California Order in Pennsylvania, Mother's current place of residence, and so filed a Notice of Registration under the Uniform Interstate Family Support Act, 23 Pa.C.S.A. §§ 7101–7802 ("UIFSA"). Father asserted that Mother owed $27,180.00 in arrears and $20,525.40 in interest. Mother filed a Request for Contest and the trial court held a hearing on the matter on August 3, 2004.

¶ 4 At the hearing, the parties and the court focused on a single issue, that is, whether the UIFSA was applicable in this case or whether its predecessor statute, the Revised Uniform Reciprocal Enforce-ment of Support Act ("RURESA") applied. The parties believed the distinction was significant and also believed that under the UIFSA, an obligor was required to pay arrears plus interest, while under the RURESA, an obligor was required to pay only arrears and not interest.

### LEGISLATIVE HISTORY

¶ 5 The function of both the RURESA and the UIFSA is to set out procedures by which parties may register foreign support orders. The enactment of the UIFSA, which occurred on April 4, 1996, aimed to "completely revise and replace URESA and RURESA." UIFSA, Prefatory Note, Background Information.

RURESA and its predecessor, the Uniform Reciprocal Enforcement of Support Act ("URESA"), were initially developed by the Conference of Commissioners of Uniform Laws to provide a means by which to compel parents who crossed state lines to fulfill their legal duty to support their children. Ultimately, some form of RURESA or URESA was enacted by all fifty states.*

RURESA's express purpose of improving and extending by reciprocal legislation the enforcement of duties of support, *see* 23 Pa.C.S. § 4501(b) (repealed), was served by requiring Pennsylvania courts to afford foreign support orders the same effect as domestic support orders.

*RURESA was repealed and replaced in 1996 by a successor statute known as the Uniform Interstate Family Support Act ("UIFSA") .... All of the uniform statutes governing interstate reciprocity in enforcing support orders were reposed within the Domestic Relations Code at Title 23 of

---

* Retired Justice assigned to the Superior Court.

Pennsylvania Consolidated Statutes Annotated.

*Morrissey v. Morrissey*, 552 Pa. 81, 713 A.2d 614, 616 (1998). Father argues that this case is controlled by the provisions of the UIFSA, thus allowing for the inclusion of interest owed on arrears. At the hearing, Mother did not challenge the principal amount of arrears, but claimed that an award of interest was improper because the UIFSA did not apply. Mother relied primarily on a Philadelphia Common Pleas Court opinion for support. In that case, *Ingraham v. Carr*, 2001 WL 1808024, the state of California filed a petition to register a support order in Philadelphia County under RURESA and included the interest owed in its calculation.

▊ ¶ 6 Without any significant analysis of the statutes at issue, the *Ingraham* court concluded simply that the RURESA applied and, further, that because the RURESA did not include the term interest in its definition of a support order, payment of interest was improper under that statute. Of course, we are not bound by decisions of the common pleas courts and are free to reach contrary holdings.

## ANALYSIS UNDER THE UIFSA

▊ ¶ 7 Father insists that the UIFSA is applicable to this case, thereby permitting the assessment of interest on arrears. The UIFSA applies to "actions initiated on or after the effective date [April 4, 1996] of the Act." UIFSA, Act 1996–20 Legislation, Historical and Statutory Notes. Just precisely what the statute means by "actions"

in this context is unclear. Does the language refer to the date the underlying support action was initiated in the foreign court? Or is the term a reference to the "action" initiated under the UIFSA itself, *i.e.*, the petition to register the foreign order? If it is the former, then the UIFSA cannot apply to this case as the underlying California support action commenced in 1988. If it is the latter, then application of the UIFSA is appropriate since the petition to register was filed in 2004, well after the adoption of the UIFSA in 1996.[1]

¶ 8 After careful consideration of the issue, we hold that the word "action" in the UIFSA applies to the time of registration of the foreign judgment in Pennsylvania. Other states have applied the UIFSA in this manner and our Supreme Court has recognized this fact, but declined to rule on it as such a ruling was unnecessary at the time. *See Morrissey, supra*, 552 Pa. at 91, 713 A.2d at 619 n. 15 (noting the holdings in *Welsher v. Rager*, 127 N.C.App. 521, 491 S.E.2d 661 (1997) and *Child Support Enforcement Division of Alaska v. Brenckle*, 424 Mass. 214, 675 N.E.2d 390 (1997)). The rationale espoused in the cases from our sister states is a simple one. The North Carolina court noted that construing the UIFSA to apply to any petition filed after its enactment serves to effectuate the general purpose of the Act, that is, to make uniform the law of registration of foreign support orders. *Welsher, supra* at 527, 664. Indeed, the purpose underlying both the RURESA and the UIFSA was to make it relatively easy to enforce valid

---

1. We observe that in prior decisions, our courts have concluded that filing for the registration of a foreign order is not the same as filing a new action and so is not subject to statute of limitations concerns. *Bonfiglio v. Bonfiglio*, 781 A.2d 1197, 1200 (Pa.Super.2001) (interpreting UIFSA and relying on *Morrissey v. Morrissey*, 552 Pa. 81, 713 A.2d 614 (1998), a RURESA case). But the question here is not whether the petition to register constitutes a new civil action (clearly it does not); instead we must ask whether the term "action" as used in the UIFSA refers to the petition for registration filed in Pennsylvania or the original complaint for support filed in the foreign state. The *Bonfiglio* court did not address this question and so it does not control this case.

foreign support orders when the obligor moved to Pennsylvania. Further, in *Brenckle,* the court explained:

> [The] UIFSA, like its predecessor URE-SA, does not create a duty of support, but rather provides the procedural framework for enforcing one State's support order in another jurisdiction. As a remedial statute, and one not affecting substantive rights, it is proper that UIF-SA should be applied retroactively.

*Brenckle,* supra at 219–20, 393.

■ ¶ 9 Our law is clear that statutes are not to be deemed retroactive unless the legislature so directs them to be. 1 Pa.C.S. § 1926. Certainly, if we interpret the term "action" in the UIFSA as meaning the filing of the petition under the Act, we would conclude that the UIFSA applies to all petitions for registration regardless of the date the underlying support claim was filed. Such a conclusion is supported by the very nature of the UIF-SA. Legislation concerning purely procedural matters is applied not only to litigation commenced after its passage, but also to litigation existing at the time of passage, while legislation affecting substantive rights may not be so applied. *Morabito's Auto Sales v. Commonwealth, Dep't of Transportation,* 552 Pa. 291, 715 A.2d 384, 386 (1998). The UIFSA is a procedural statute in that it does not impose any new legal burdens on past transactions, but merely establishes the method for enforcing a right. *See Giant Eagle, Inc. v. Worker's Compensation Appeal Board,* 764 A.2d 663, 666 (Pa.Super.2000) (setting out the differences between procedural and substantive laws).

¶ 10 The primary changes made by the repeal of the RURESA and the enactment of the UIFSA are set out in the UIFSA's Prefatory Note. Nowhere in this recital is there any indication that with the passing of UIFSA come additional substantive

rights of recovery for the party seeking to enforce a support order. Instead, these Notes make clear the fact that adoption of the new statute (the UIFSA) was undertaken solely to improve upon the *procedures* set out in the previous one (the RURESA) and make the entire *process* of registration more efficient.

¶ 11 We hold, therefore, that the UIFSA is applicable in this case because the action at issue, the petition to register the foreign order, was filed after the effective date of the statute. As a result, the trial court erred in failing to include interest due in its calculations and the matter must be remanded.

### ANALYSIS UNDER THE RURESA

■ ¶ 12 Even if we were to find that the RURESA, and not the UIFSA applies, we nonetheless would find that Mother is obligated to pay interest on the arrears. Unlike the *Ingraham* court, we would analyze the RURESA as providing for interest despite the fact that it is not explicitly included in the definition of support.

¶ 13 Although the RURESA does not contain specific language allowing for interest, we believe inclusion of interest was provided for under that now-repealed statute. The federal statutory provision known as the Bradley Amendment, 42 U.S.C. § 666(a)(9), bolsters this conclusion as it mandates that an unpaid child support obligation becomes a judgment by operation of law with the full force, effect and attributes of a judgment of the state, and so is entitled to full faith and credit.

■ ¶ 14 Under the principles of full faith and credit, interest is due on the unpaid California judgment whether the RURESA or UIFSA applies. California case law and a provision of the California Family Law Code both provide that an unpaid child support payment is enforce-

able as a judgment with payment of arrears and all interest until paid in full. *See In re Marriage of Cutler*, 79 Cal. App.4th 460, 94 Cal.Rptr.2d 156 (2000); California Family Code § 4502. We underscore that the enforcement of this judgment in California would include interest. *See Ingraham, supra* (revealing that state of California sought enforcement of support order that included both principal arrears amount and interest). *See also Morrissey, supra* (noting Pennsylvania law, 23 Pa.C.S. § 4352(d), which provides that "domestic support orders that require periodic payments are treated as judgments that vest when each separate installment becomes due, but remains unpaid").[2]

## CONCLUSION

■ ¶ 15 We conclude, based on the language of the UIFSA and its underlying purpose, as well as our research of relevant case law within and outside this Commonwealth, that the Pennsylvania Legislature intended the UIFSA to apply to all foreign support order registration petitions filed on or after April 4, 1996. As a result, the trial court here erred in concluding that appellant's petition was wrongly brought under the UIFSA. We reverse the order of the trial court and remand the matter to the trial court for a reassessment of arrearages and method of payment.[3]

¶ 16 Order reversed; matter remanded. Jurisdiction relinquished.

**In re: T.T.**

---

2. In his appellate brief, Father makes these same arguments as an alternate theory of relief under the RURESA. However, at the hearing below, Father relied only on the UIFSA as the basis for assessing interest. Thus, his alternate theories of relief based on RURESA have been waived, regardless of their merit. However, the fact that those arguments have merit establishes that even under the RURESA, Father was entitled to seek interest on the unpaid support payments, which in turn lends credence to our finding that both the RURESA and the UIFSA are merely procedural statutes that provide a method of registering and enforcing substantive rights already defined.

3. Father's second claim is that the trial court erred in fixing an arrears payment schedule without hearing evidence on the issue. We note that at the hearing, the trial court refused to allow Father's counsel to elaborate on method of payment and instead directed the parties to focus on the amount of arrears.

Thus, Father was not afforded an opportunity to offer evidence regarding Mother's ownership of assets that could be utilized to pay her significant arrears obligation. However, this issue was not included in Father's Concise Statement of Matters Complained of on Appeal, making it waived. *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). Still, our resolution of this case requires the trial court to recalculate the amount of arrears, taking into account the addition of interest. Because that recalculation nearly doubles the amount due, the trial court also shall have the opportunity, on remand, to reconsider the manner of payment. While Father's waiver of this claim on direct appeal precludes us from ordering that he be permitted to offer evidence on this issue on remand, the trial court has complete discretion to conduct any further proceedings in any manner it wishes, from allowing Father an opportunity to present evidence on the issue to simply entering an order without holding a hearing at all.