J-A22016-18

2018 PA Super 332

ECLIPSE LIQUIDITY, INC.      :    IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                                   :
         v.                         :
                                   :
                                   :
GEDEN HOLDINGS LIMITED       :
                                   :
         Appellant           :    No. 779 EDA 2018

Appeal from the Order Entered February 9, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  October Term, 2017, No. 196

BEFORE:  BENDER, P.J.E., NICHOLS, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:             **FILED DECEMBER 07, 2018**

Appellant, Geden Holdings Limited, appeals from the order entered in the Court of Common Pleas of Philadelphia County on February 9, 2018, denying Appellant's petition to strike the foreign judgment entered in favor of Appellee, Eclipse Liquidity, Inc., pursuant to the Uniform Foreign Money Judgment Recognition Act ("Recognition Act"), 42 P.S. §§ 22001-22009.  We affirm.

The trial court aptly set forth the relevant facts and procedural history of this appeal as follows:

> On October 2, 2017, [Appellee] filed a praecipe to enter a foreign money judgment requesting the Prothonotary to enter judgment against [Appellant] in the amount of USD $3,447,519.91 "[p]ursuant to the Uniform Foreign Money Judgment Recognition Act, 42 P.S. § 22001, *et seq.* and in accordance with the [J]udgment issued by the High Court of Justice, Queen's Bench Division, Commercial Court in and for the United Kingdom…."  In addition to the praecipe, a notice addressed to [Appellant] was also filed in this court

_____

*   Former Justice specially assigned to the Superior Court.

stating in relevant part as follows: "Pursuant to Rule 236 of the Supreme Court of Pennsylvania, you are hereby notified that a [J]udgment has been entered against you in the above proceeding as indicated below," with the box next to "Money Judgment" checked. A complaint was not filed. On December [21], 2017, [Appellant] filed a petition to strike the judgment. [Appellant] argued the judgment should be stricken because [Appellee] failed to utilize proper procedure by failing to file a complaint or otherwise take any action to obtain a judgment review and recognition of the UK Money Judgment as required by the [Recognition Act]. Upon receipt and review of [Appellee's] response in opposition to [Appellant's] petition to strike the court denied [Appellant's] petition in an order and opinion dated February 7, 2018 and docketed February 9, 2018. This timely appeal followed.[1]

Trial Court Opinion, filed 4/9/18, at 1-2.

Appellant presents the following issue for our review:

May a judgment rendered in another country be recognized in Pennsylvania upon the filing of an *ex parte* praecipe to enter judgment?

Appellant's Brief at 2.

Appellant argues that Appellee was required, before seeking enforcement of the United Kingdom judgment in Pennsylvania, to commence a civil action to determine whether the judgment is valid under the Recognition Act. Appellant emphasizes that recognition and enforcement are distinct concepts. Appellant acknowledges the Recognition Act's provision that a foreign-country judgment is enforceable in the same manner as a sister-state

---

[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant did not file one.

- 2 -

judgment, but Appellant maintains this provision is triggered only after a judicial determination that the judgment meets the statutory criteria for recognition. Appellant claims the parties agree that the Recognition Act is silent as to the procedure for recognition. To that end, Appellant contends the traditional common-law procedure controls, i.e., a party seeking enforcement of a foreign judgment must first commence a civil action for recognition. Appellant asserts that Appellee's citation to the Recognition Act in its praecipe was insufficient to establish recognition. Appellant argues principles of due process mandate that a court rule on a claim for recognition following proper pleading, notice, and opportunity for a hearing. Appellant concludes this Court should reverse the order denying Appellant's petition to strike and remand the case with instructions to dismiss.

Our standard of review of a trial court's decision on a petition to strike a foreign judgment is whether the court manifestly abused its discretion or committed an error of law. *Olympus Corp. v. Canady*, 962 A.2d 671, 673 (Pa.Super. 2008). "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267 (Pa.Super. 2015).

Further, "[T]he interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Wilson v. Transp. Ins. Co.*, 889 A.2d 563, 570 (Pa.Super. 2005). "As with all questions of law, the appellate standard of review is *de*

- 3 -

*novo* and the appellate scope of review is plenary." ***In re Wilson***, 879 A.2d

199, 214 (Pa.Super. 2005) (*en banc*).

On the topic of statutory interpretation, this Court has stated:

> [We] are constrained by the rules of statutory interpretation, particularly as found in the Statutory Construction Act. 1 Pa.C.S.A. §§ 1501-1991. The goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly. Our Supreme Court has stated that the plain language of a statute is in general the best indication of the legislative intent that gave rise to the statute. When the language is clear, explicit, and free from any ambiguity, we discern intent from the language alone, and not from the arguments based on legislative history or "spirit" of the statute. We must construe words and phrases in the statute according to rules of grammar and according to their common and approved usage. We also must construe a statute in such a way as to give effect to all its provisions, if possible, thereby avoiding the need to label any provision as mere surplusage.

***Cimino v. Valley Family Med.***, 912 A.2d 851, 853 (Pa.Super. 2006), *appeal*

*denied*, 591 Pa. 731, 921 A.2d 494 (2007) (quoting ***Weiner v. Fisher***, 871

A.2d 1283, 1285-86 (Pa.Super. 2005), *appeal denied*, 594 Pa. 705, 936 A.2d

41 (2007)). Under Section 1921(c), the court resorts to considerations of

"purpose" and "object" of the legislature when the words of a statute are not

explicit. ***Sternlicht v. Sternlicht***, 583 Pa. 149, 158, 876 A.2d 904, 909

(2005) (referring to consideration of matters such as: (1) occasion and

necessity for statute; (2) circumstances under which it was enacted; (3)

mischief to be remedied; (4) object to be attained; (5) former law, if any,

including other statutes upon same or similar subjects; (6) consequences of

particular interpretation; (7) contemporaneous legislative history; (8)

legislative and administrative interpretations of such statute).

Additionally, "[D]ue process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. [D]ue process is flexible and calls for such procedural protections as the particular situation demands." *In re R.D.*, 739 A.2d 548, 554 (Pa.Super. 1999), *appeal denied*, 561 Pa. 699, 751 A.2d 192 (2000). "The essential elements of due process are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case." *Adelphia Cablevision Assocs. Of Radnor, L.P. v. Univ. City Hous. Co.*, 755 A.2d 703, 712 (Pa.Super. 2000).

The Recognition Act defines a "foreign judgment" as "[a]ny judgment of a foreign government granting or denying recovery of a sum of money, other than a judgment for taxes, a fine or other penalty, or a judgment in matrimonial or family matters." 42 P.S. § 22002. "Foreign government" is defined as "[a]ny governmental unit other than the United States, or any state, district, Commonwealth, territory or insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands or the Ryukyu Islands." *Id.* The Recognition Act "shall apply to any foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or it is subject to appeal." 42 P.S. § 22009. Section 3 of the Recognition Act states as follows regarding recognition and enforcement of foreign judgments:

Except as provided in sections 4 and 5, a foreign judgment meeting the requirements of section 9 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. **The foreign judgment is enforceable in the same manner as the judgment of another state which is entitled to full faith and credit.**

42 P.S. § 22003 (emphasis added).[2] Section 4 of the Recognition Act sets forth various grounds for nonrecognition of a foreign judgment, while Section 5 specifies circumstances in which a judgment is not conclusive. *See* 42 P.S. §§ 22004-22005.

In Pennsylvania, the enforceability of a judgment from another state is governed by the Uniform Enforcement of Foreign Judgments Act ("Enforcement Act"), which states, in pertinent part, as follows:

### § 4306. Enforcement of foreign judgments

\* \* \*

**(b) Filing and status of foreign judgments.--**A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with act of Congress or this title may be filed in the office of the clerk of any court of common pleas of this Commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be

---

[2] The Full Faith and Credit Clause provides that: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." U.S. Const. Art. IV § 1.

enforced or satisfied in like manner.

\*    \*    \*

**(f)  Definition.--**As used in this section "foreign judgment" means any judgment, decree, or order of a court of the United States or of any other court requiring the payment of money which is entitled to full faith and credit in this Commonwealth.

42 Pa.C.S. § 4306.

In addressing enforcement of foreign judgments, the Pennsylvania Supreme Court has stated:

> Under Pennsylvania law, foreign judgments are treated, in the first instance, not as judgments, but as rights of action. Historically, obligees were required to commence a civil action on the existing foreign judgment, consummating in a Pennsylvania judgment, before enforcement could be had in the Commonwealth.  …
>
> However, in enacting the various statues providing for registration of foreign judgments, the legislature implemented streamlined procedures for domesticating foreign judgments, establishing registration as an alternative to the commencement of a civil action.

***Morrissey v. Morrissey***, 552 Pa. 81, 86, 713 A.2d 614, 617 (1998).

The Court in ***Morrissey*** discussed the legislature's implementation of "streamlined procedures for domesticating foreign judgments" in the context of the Enforcement Act and the Revised Uniform Reciprocal Enforcement of Support Act, 23 Pa.C.S. §§ 4501-4540 (repealed).  Subsequently, in ***Hilkmann v. Hilkmann***, 579 Pa. 563, 858 A.2d 58 (2004), the Court noted that the legislature similarly established registration as an alternative to initiating a civil action for domestication of foreign-country judgments under

the Recognition Act. *See id.* at 578-79, 858 A.2d at 68 (stating: "Although in a number of instances, the Legislature has implemented streamlined procedures for domesticating interstate and/or international judgments, for example by establishing registration as an alternative to the commencement of a civil action, *see Morrissey*, 552 Pa. at 86 & n.7, 713 A.2d at 617 & n.7 (citing 42 Pa.C.S. § 4306, and 23 Pa.C.S. § 7604); *see also* 42 P.S. §§ 22001–22009 (providing for the recognition of foreign money judgments), absent such authorization, the common law procedure remains the exclusive avenue for obtaining recognition and enforcement").

This reading of the statute is consistent with its text, which makes clear the legislature intended to streamline the enforcement of foreign-country judgments by making them "enforceable in the same manner as the judgment of another state which is entitled to full faith and credit." 42 P.S. § 22003. The Enforcement Act governs the enforcement of judgments from other states, and requires only that the party seeking enforcement file a copy of the judgment and docket entries with the clerk of any court of common pleas. 42 Pa.C.S. § 4306(b). The clerk must treat the sister-state judgment in the same manner as a Pennsylvania judgment. *Id.* The filer does not need to commence a civil action or otherwise take any step to have the judgment "recognized" before seeking enforcement.

Here, Appellee filed a praecipe to enter a foreign money judgment issued in the United Kingdom. The praecipe expressly invoked the Recognition

Act. Appellee attached the judgment to the praecipe and Pa.R.C.P. 236 notice of the judgment was sent to Appellant. Appellee's use of a praecipe was sufficient to enforce the judgment and no prior recognition proceedings were necessary.

Contrary to Appellant's argument, the ability to register a foreign judgment by praecipe does not render meaningless the provisions of the Registration Act setting forth grounds for nonrecognition. As under the Enforcement Act, a foreign judgment is not unassailable once entered. The Enforcement Act provides that an aggrieved party may attack the judgment using "the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth." 42 Pa.C.S § 4306(b). Similarly, after a foreign-country judgment is filed in Pennsylvania court, a party may challenge the judgment on any basis enumerated in the Recognition Act. Appellant was free to, and did, object to the entry of the United Kingdom judgment in Pennsylvania by filing a petition to strike. Appellant's petition challenged only the procedure used by Appellee to enforce the judgment, but Appellant could have raised any issue regarding the judgment's legitimacy under the Recognition Act.

Further, Appellant's reliance on **Louis Dreyfus Commodities Suisse SA v. Fin. Software Sys., Inc.**, 99 A.3d 79 (Pa. Super. 2014), is misplaced. In **Louis Dreyfus**, the plaintiff attempted to enforce a foreign-country money judgment by filing a praecipe that cited the Enforcement Act. This Court held

that the plaintiff's praecipe was fatally flawed because it invoked the authority of the Enforcement Act, which applies only to judgments of sister states entitled to full faith and credit under the U.S. Constitution, rather than the Recognition Act. *Id.* at 84, 86. The plaintiff "improperly sought recognition and enforcement of the foreign money judgment by invoking an inapplicable statute." *Id.* at 86. Thus, the plaintiff "failed to establish the 'essential procedural framework within which the effect of the foreign judgment [could] be assessed.'" *Id.* (quoting *Hilkmann*, *supra* at 579, 858 A.2d at 68). This Court did not hold, however, that filing a praecipe invoking the authority of the Recognition Act, as opposed to a new civil action, was a procedurally improper means of achieving recognition and enforcement of a foreign-country judgment. In the instant case, by invoking the Recognition Act, Appellee did "establish the essential procedural framework within which the effect of the foreign judgment [could] be assessed." *Id.*

Finally, Appellant's due process argument ignores that Appellant had a prior opportunity in the original forum to defend against the claims underlying the foreign judgment. The proceedings in the United Kingdom culminated in a judgment, which, though not protected by full faith and credit or immune from attack, is nevertheless entitled to deference under the principles of comity. *See In re Christoff's Estate*, 411 Pa. 419, 423, 192 A.2d 737, 739 (1963) (stating that foreign-country judgments are entitled to "the greatest respect and deference" under the principles of comity). Appellant makes no

- 10 -

claim that basic procedural safeguards such as notice and an opportunity to be heard were lacking in the original United Kingdom proceeding. **_See Soc'y of Lloyd's v. Ashenden_**, 233 F.3d 473, 476 (7th Cir. 2000) (stating that any suggestion that the English system of courts does not provide impartial tribunals or procedures compatible with requirements of due process of law borders on the risible; courts of England are fair and neutral forums and the United States concepts of due process of law have English origins). We do not find that principles of due process are offended by placing the burden on Appellant to raise grounds for nonrecognition of the foreign judgment, including any procedural deficiency of the foreign proceedings, in a petition to open or strike the judgment after it has been domesticated in the Commonwealth. **_See_** 42 P.S. § 22004(1) (providing that a foreign judgment need not be recognized if "the defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend").

Based on the foregoing, we conclude the trial court properly denied Appellant's petition to strike the foreign judgment. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/18