**William Charles STEWART, Appellant,**

v.

**Sarah Ann Stevenson STEWART, Jaffe, Asher, Esquire, Rosemary Kennedy, Garnishee, Ronald Amrhein, Garnishee, Appellees.**

**Sarah Ann Stevenson, Appellee,**

v.

**Appeal of William Charles Stewart, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 4, 1999.

Filed Dec. 22, 1999.

Kevin Feeney, Hermitage, for appellant.

Mark A. Lope, Butler, for Stewart and Jaffe & Asher, appellees.

Ronald Amrhein, Sharon, for Kennedy and Amrhein, appellees.

Before KELLY, SCHILLER and OLSZEWSKI, JJ.

SCHILLER, J.:

¶ 1 Appellant, William Charles Stewart, appeals from the orders dated February 3, 1999, in the Court of Common Pleas of Mercer County, denying Appellant's peti-

tions to strike the judgments. Because we find that the Supreme Court decided in *Morrissey v. Morrissey*, 552 Pa. 81, 713 A.2d 614 (1998), that the four-year statute of limitations under 42 Pa.C.S. § 5525(5) does not apply to the registration of support judgments under UEFJA, we affirm.

FACTS:

¶ 2 The present appeal involves two foreign judgments, one filed in New York and the other in Minnesota. Appellant, William Charles Stewart, and Appellee, Sarah Ann Stevenson, were divorced in 1979. On September 13, 1985, judgment was entered in the Supreme Court of the State of New York against Appellant in the amount of $81,738.20 for past due alimony and child support, with interest, for the period January 28, 1980 through August 19, 1985 (hereinafter "the New York judgment"). There were also three judgments entered in Minnesota totaling $38,396.63 against Appellant for past due child support (hereinafter "the Minnesota judgment").[1]

¶ 3 On November 12, 1998, Appellee registered both judgments in Mercer County, Pennsylvania, pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJA).[2] Appellant thereafter filed petitions to strike both judgments, claiming that the four-year statute of limitations proscribed in 42 Pa.C.S. § 5525 barred Appellee from registering either judgment

in Pennsylvania. Hearings were held, and by orders dated February 3, 1999, the trial court denied both of Appellant's petitions[3]; the trial court found that the four-year statute of limitations set forth in 42 Pa. C.S. § 5525 did not apply to the registration of foreign judgments in Pennsylvania. Appellant now appeals the February 3, 1999 orders to this Court.[4] We consolidated Appellant's appeals *sua sponte* on April 8, 1999.[5]

DISCUSSION:

■ ¶ 4 The sole issue on appeal is whether the holding of *National Union Fire Ins. v. Nicholas*, 438 Pa.Super. 98, 651 A.2d 1111 (1994), which applied the four-year statute of limitations provided for in 42 Pa.C.S. § 5525 to the registration of foreign judgments under UEFJA, was implicitly overruled by our Supreme Court's holding in *Morrissey v. Morrissey*, 552 Pa. 81, 713 A.2d 614 (1998). Our standard of review from a denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. *Tandy Computer Leasing v. DeMarco*, 388 Pa.Super. 128, 564 A.2d 1299, 1301 (1989).

¶ 5 The full faith and credit clause of the United States Constitution requires state courts to recognize and enforce the judgments of sister states. U.S. Const. Art. 4, § 1.[6] Historically, a creditor seeking to

---

1. We note that the record is devoid of any facts regarding the underlying divorce action.

2. 42 Pa.C.S. § 4306.

3. The trial court did, however, reduce the New York judgment to $75,213.20; both parties agreed that it had been reduced while on appeal in the New York court system.

4. On July 2, 1999, Appellant filed a petition to extend time to file a brief. By order dated July 7, 1999, we granted Appellant's petition and stated that Appellant's brief was due on or before July 16, 1999. Appellant did not, however, file his brief until September 3, 1999. On July 26, 1999, Appellee filed a motion to dismiss the appeal pursuant to Pa. R.A.P. 2188, which states that "[i]f an appellant fails to file his designation of reproduced record, brief or any required reproduced rec-

ord within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter." By an order dated August 10, 1999, this Court deferred the disposition of Appellee's motion until the time scheduled for argument or submission of the appeals to a panel of this Court. Because Appellant's appeal raises a novel issue and addressing the merits does not prejudice Appellee, we deny Appellee's motion to dismiss the appeal.

5. As the Minnesota judgment was paid in full on May 7, 1999, Appellant's appeal in regard to that judgment is moot.

6. Article IV, Section 1 specifically provides as follows:

    Full Faith and Credit shall be given in each State to the public Acts, Records, and judi-

enforce a foreign judgment in Pennsylvania had to first commence a civil action in Pennsylvania, thereby resulting in a new judgment. *Morrissey, supra* at 85, 713 A.2d at 616. In an effort to eliminate the burdensome procedural requirements of filing a separate civil action, the legislature passed a number of statutes [7] that allowed creditors to *register* the foreign judgments; "the legislature implemented stream-lined procedures for domesticating foreign judgments, establishing registration as an alternative to the commencement of a civil action." *Id.* at 86, 713 A.2d at 617. Under these statutes, a foreign judgment became immediately enforceable upon its registration.

¶ 6 In the case *sub judice,* Appellee sought enforcement of the New York judgment in Pennsylvania by registering it in accordance with UEFJA.[8] Relying on our holding in *National Union Fire Ins. v. Nicholas, supra,* Appellant argues Pennsylvania is barred from enforcing that judgment because of the four-year statute of limitations period enumerated in 42 Pa. C.S. § 5525; the New York judgment was originally entered in New York on September 13, 1985, and was not registered in Pennsylvania until November 12, 1998. The trial court disagreed, however, and found that our holding in *Nicholas* had been implicitly overruled by our Supreme Court's holding in *Morrissey v. Morrissey, supra.*

¶ 7 Appellant's argument on appeal is that the holding in *Morrissey* dealt only with foreign support orders that were registered under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), not UEFJA, and that any discussion regarding *Nicholas'* holding was merely dicta. We find Appellant's argument unpersuasive and conclude that the four-year statute of limitations enumerated in 42 Pa.C.S. § 5525 does not apply to the registration of foreign support judgments in Pennsylvania under UEFJA.

¶ 8 In *Nicholas,* a panel of this Court specifically held that the four-year statute of limitations period set forth in 42 Pa.C.S. § 5525, which provides, in pertinent part, that "[a]n *action upon a judgment* or decree of any court of the United States or of any state" must be commenced within four years, applied to foreign judgments registered under UEFJA. In that case, we reasoned that foreign judgments could be enforced in this Commonwealth either through commencing a civil action or through registration; because a civil action was subject to a four-year statute of limitations, registration of foreign judgments must also be subject to that same limitation. *See Nicholas,* 651 A.2d at 1116. We stated that "[h]owever essentially dissimilar the two procedures for domesticating the foreign judgment, the effect of the judgments obtained is identical. Thus,

cial Proceedings of every other State; And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
U.S. Const. Art. IV, § 1.

7.  Such statutes include the Uniform Enforcement of Foreign Judgments Act (UEFJA), the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), its predecessor, the Uniform Reciprocal Enforcement of Support Act (URESA), and RURESA's successor, the Uniform Interstate Family Support Act (UIFSA).

8.  UEFJA provides, in pertinent part, as follows:
(b) Filing and status of foreign judgments.—A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with act of Congress or this title may be filed in the office of the clerk of any court of common pleas of this Commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner.
42 Pa.C.S. § 4306.

**958**

there would appear to be no logical basis upon which to impose two different periods of limitations." *Id.*

¶ 9 However, in *Morrissey*, the Pennsylvania Supreme Court specifically held that 42 Pa.C.S. § 5525 did not apply to the registration of foreign support orders under RURESA. In reaching its holding, our Supreme Court noted the distinction between an action upon a judgment and an enforcement proceeding; an action upon a judgment constitutes the original cause of action while an enforcement proceeding does not. *See Morrissey, supra* at 87, 713 A.2d at 617. Such a distinction becomes important within the context of the applicable statute of limitations period in that once a judgment is entered, the only issue is that of enforcement and statutes of limitations pertaining to the underlying causes of action no longer apply; "the only limitations periods that affect collection are those applicable to *enforcement* efforts." *Id.* at 84, 713 A.2d at '616.

¶ 10 Because the various registration statutes eliminated the prerequisite of filing a separate civil action, these statutes advance the creditor to an enforcement proceeding, at which point the four-year statute of limitations has no relevance. *Id.* at 90, 713 A.2d at 617. Our Supreme Court found that when an individual commences a civil action, that individual is instituting an "action upon a judgment," but when an individual registers a foreign judgment, that individual is instituting an "enforcement proceeding." *See Id.* at 89–90, 713 A.2d at 616–17.

¶ 11 In reaching its holding, the Supreme Court specifically criticized the rationale and holding of *Nicholas* : "The difficulty with [the conclusion in *Nicholas* ] is that there are, in fact, logical and legitimate reasons for adopting a uniform law providing for reciprocal enforcement of judgments (and, in the case of RURESA, support orders) which does not implicate the four-year statute applicable to civil actions brought for the same purpose." *Id.* at 88, 713 A.2d at 618. Furthermore,

the Court discussed the language of UEFJA: "application of the four-year statute simply is not required by the terms of UEFJA." *Id.* Thus, while the particular issue in *Morrissey* involved registration of foreign support orders under RURESA, the rationale and holding clearly extended to the registration of foreign support judgments under UEFJA. We therefore agree with the trial court and find that the rationale and holding in *Morrissey* implicitly overruled our decision in *Nicholas*. Moreover, it would seem illogical to apply a four-year statute of limitations to foreign support judgments registered under UEFJA but not those registered under RURESA.

¶ 12 In sum, as we are bound by the decisions of our Supreme Court and as there was no four-year statute of limitations barring the enforcement of the New York judgment, we find no error of law or abuse of discretion in the trial court's decision to dismiss Appellant's petitions to strike the judgments.

CONCLUSION:

¶ 13 Accordingly, we affirm the orders dated February 3, 1999, in the Court of Common Pleas of Mercer County.