Barbara Mary BONFIGLIO, Appellee,

v.

Joseph BONFIGLIO, Appellant.

Superior Court of Pennsylvania.

Argued June 12, 2001.

Filed July 24, 2001.

———

Gary M. Perkiss, Philadelphia, for appellant.

Arnold Dranoff, Philadelphia, for appellee.

Before: JOYCE, LALLY–GREEN, and KELLY, JJ.

LALLY–GREEN, J.

¶1 Appellant, Joseph Bonfiglio, appeals from the order of November 6, 2000, enforcing two judgments entered by a North Carolina court in 1991. We affirm.

¶2 The factual and procedural history of the case is as follows. The parties were married on October 29, 1977. The parties have two children: Joseph, born August 4, 1979 (currently age 21), and Lauren Ann, born November 24, 1984 (currently age 16). On September 29, 1988, the parties separated. The parties had been living in North Carolina before the separation. After the separation, Appellant moved to Philadelphia. Wife remained in North Carolina with the children.

¶3 On December 14, 1988, the District Court of Durham County, North Carolina, issued an order directing Appellant to pay $1,600.00 per month in child support and $800.00 per month in spousal support. On April 24, 1991, the North Carolina court issued a divorce judgment, which indicated that the support order would remain in effect until modified by further order. On August 28, 1991, the North Carolina court issued an equitable distribution order, directing that Appellant should transfer certain items of property to Wife. On December 18, 1991, the North Carolina court ordered that Appellant's child support and spousal support payments would remain in effect.

¶4 On April 14, 2000, Wife filed a petition to adopt and enforce the 1991 judgments from the North Carolina court. On August 16, 2000, the trial court ordered, *inter alia*, that: (1) the 1991 judgments shall be registered in Pennsylvania effective April 14, 2000; (2) enforcement of the judgments is not barred by the four year statute of limitations set forth in 42 Pa.C.S.A. § 5525(5);[1] and (3) property due to Wife

---

1. 42 Pa.C.S.A. § 5525(5) states that "an action upon a judgment or decree of any court of the United States or of any state" must be commenced within four years.

under the equitable distribution judgment shall be transferred to her within 60 days. Appellant filed a petition for reconsideration. On November 6, 2000, the court denied the petition and reinstated the August 16, 2000 order. This appeal followed.

¶ 5 Appellant raises two issues on appeal:

    I.   Whether the lower court abused its discretion and committed an error of law when it failed to bar the enforcement of foreign judgments for equitable distribution and alimony, in whole or in part, entered more than four (4) years prior to the registration of foreign judgments pursuant to 23 Pa.C.S.A. § 3705 (formerly § 506) of the Pennsylvania Divorce Code, 42 Pa. C.S.A. § 5525(5) and *Cohen v. Cohen,* 352 Pa.Super. 453, 508 A.2d 561 (1986).

    II.   Whether the lower court abused its discretion or committed an error of law when it held that *Morrissey v. Morrissey,* 552 Pa. 81, 713 A.2d 614 (1998) and *Stewart v. Stewart,* 743 A.2d 955 (Pa.Super.1999) control enforcement of petitioner's foreign judgments for equitable distribution and alimony.

Appellant's Brief at 5.

¶ 6 Although Appellant ostensibly raises two issues on appeal, they are actually two components of the same argument: namely, that Wife's claims for equitable distribution and alimony are subject to the four-year statute of limitations set forth in 42 Pa.C.S.A. § 5525(5).[2] Specifically, Appellant requests that this Court: "(1) completely bar [Wife's] claim for enforcement of the 1991 North Carolina equitable distribution judgment since it was not registered in Pennsylvania within four years of the date the judgment was entered; and (2) bar Appellee's claim for alimony in arrears for all alimony claims that arose four years prior to the filing of [Wife's] petition." Appellant's Brief at 19.

¶ 7 Parties who have obtained judgments in foreign jurisdictions may register and enforce those judgments in Pennsylvania through a number of similar statutes: (1) 23 Pa.C.S.A. § 3705 (for judgments relating to equitable distribution, alimony, or alimony pendente lite);[3] (2) the Uniform

---

**2.** We note that Appellant raises no issues concerning child support or the underlying divorce judgment. Rather, his claims are limited to issues of equitable distribution and alimony.

**3.** 23 Pa.C.S.A. § 3705 reads as follows:

    (a) **General rule.**—Whenever a person subject to a valid decree of a sister state or territory for the distribution of marital property or for the payment of alimony, temporary alimony or alimony pendente lite, or the property of that person is found within this Commonwealth, the obligee of the decree may petition the court where the obligor or the property of the obligor is found to register, adopt as its own and enforce the decree as a properly issued and authenticated decree of a sister state or territory. Upon registration and adoption, such relief and process for enforcement as is provided or prescribed by law in similar cases originally commenced in this Commonwealth shall be available. A copy of the decree and order shall be forwarded to the court of the state or territory which issued the original decree. The obligor shall have whatever defenses and relief are available to the obligor in the state or territory which issued the original decree and may question the jurisdiction of that court if not otherwise barred. Interest may be awarded on unpaid installments and security may be required to insure future payments as in cases originally commenced in this Commonwealth. Where property of the obligor, but not the person of the obligor, is found within this Commonwealth, there shall be jurisdiction quasi in rem, and, upon registration and adoption of the decree of the sister state or territory, relief and enforcement of the decree shall be available as in other proceedings which are quasi in rem.

    (b) **Optional procedure**—The right of a judgment creditor to proceed under 42

Interstate Family Support Act (UIFSA), 23 Pa.C.S.A. §§ 7601–7604 (for child support or spousal support);[4] and (3) the Uniform Enforcement of Foreign Judgments Act (UEFJA), 42 Pa.C.S.A. § 4306 (for any foreign judgment requiring the payment of money).[5]

¶ 8 Prior to our Supreme Court's decision in *Morrissey v. Morrissey*, 552 Pa. 81, 713 A.2d 614 (1998), our case law held that statutes of limitations relating to the initiation of lawsuits also applied to the registration and enforcement of foreign judgments. *See, e.g., Morrissey v. Morrissey*, 451 Pa.Super. 214, 679 A.2d 234 (1996); *National Union Fire Ins. v. Nicholas*, 438 Pa.Super. 98, 651 A.2d 1111 (1994); and

Pa.C.S. § 4306 (relating to enforcement of foreign judgments), or otherwise instead of proceeding under this section remains unimpaired.

4. The UIFSA reads, in relevant part, as follows:

**§ 7601. Registration of order for enforcement.**
A support order or an income-withholding order issued by a tribunal of another state may be registered in this State for enforcement.
**§ 7603. Effect of registration for enforcement**
(a) **Procedure.**—A support order or income-withholding order issued in another state is registered when the support order is filed in the registering tribunal of this State.
(b) **Enforcement.**—A registered order issued in another state is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this State.
(c) **Faith and credit.**—Except as otherwise provided in this chapter, a tribunal of this State shall recognize and enforce but may not modify a registered order if the issuing tribunal had jurisdiction.
**§ 7604. Choice of law**
(a) **General rule.**—The law of the issuing state governs the nature, extent, amount and duration of current payments and

*Cohen v. Cohen*, 352 Pa.Super. 453, 508 A.2d 561 (1986). In *Morrissey*, however, our Supreme Court rejected this position and explained that statutes of limitation relating to the initiation of lawsuits do not apply to the registration and enforcement of foreign judgments. The Court first observed the existing law:

Under Pennsylvania law, foreign judgments are treated, in the first instance, not as judgments, but as rights of action. Historically, obligees were required to commence a civil action on the existing foreign judgment, consummating in a Pennsylvania judgment, before enforcement could be had in the Commonwealth. Accordingly, the four-year statute of limitations of Section 5525(5) (the

other obligations of support and the payment of arrearages under the order.
(b) **Proceeding for arrearages.**—In a proceeding for arrearages, the statute of limitation under the laws of this State or of the issuing state, whichever is longer, applies.
23 Pa.C.S.A. § 7601, 7603, 7604.

5. The UEFJA provides, in relevant part, as follows:
(b) **Filing and status of foreign judgments.**—
A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with act of Congress or this title may be filed in the office of the clerk of any court of common pleas of this Commonwealth. The clerk shall treat the foreign judgment in the same manner as any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner.
42 Pa.C.S.A. § 4306(b). A "foreign judgment" is defined as "any judgment, decree, or order of a court of the United States or of any other court requiring the payment of money which is entitled to full faith and credit in this Commonwealth." 42 Pa.C.S.A. § 4306(f).

"four-year statute"), directed to actions upon judgments, expressly applied.

*Morrissey,* 713 A.2d at 616–617 (citations and footnote omitted).[6]

¶ 9 The Court noted that statutes relating to the registration of foreign judgments are designed to streamline this cumbersome procedure and to eliminate the need to commence a new civil action. *Id.* at 617. These statutes provide that the "ministerial act" of registration will serve as an alternative to filing a new action. *Id.* at 619. More importantly, registration of the foreign judgment "advance[s] the obligee to the enforcement stage, at which point the four-year statute has no relevance." *Id.* Thus, the Court recognized the fundamental difference between the initiation of new actions (where the four-year statute of limitation applies) and the enforcement of a prior judgment (where the four-year statute does not apply). *Id.* at 619 n. 13.[7]

¶ 10 In *Morrissey,* the Court held that the four-year statute of limitations did not apply to UIFSA's predecessor statute.[8] The Court also noted that the four-year statute of limitations would not apply to UIFSA itself, or to the UEFJA. *Id.* at 618—619. Similarly, this Court has followed *Morrissey* and has held that the four-year statute of limitations does not apply to the UEFJA. *Stewart v. Stewart,* 743 A.2d 955, 958 (Pa.Super.1999).

¶ 11 On appeal, Appellant contends that *Morrissey* and *Stewart* are inapposite because they concerned child support rather than equitable distribution or alimony.

We disagree. *Morrissey* and *Stewart* establish that it is the nature of the registration and enforcement statutes themselves, rather than the subject matter of the underlying proceeding, which controls. Both *Morrissey* and *Stewart* describe the UEFJA as a registration statute creating an enforcement action which is not subject to the four-year statute of limitations. *Morrissey,* 713 A.2d at 617 n. 7; *Stewart,* 743 A.2d at 958. The same holds true for the UIFSA. *Morrissey,* 713 A.2d at 618–619. As noted above, the UEFJA broadly applies to judgments "requiring the payment of money," and the UIFSA applies to support orders. 42 Pa.C.S.A. § 4306(f). Accordingly, we conclude that the reasoning of *Morrissey* and *Stewart* applies to both of the North Carolina orders at issue.

¶ 12 Appellant's reliance on 23 Pa.C.S.A. § 3705 and *Cohen, supra,* is misplaced. Section 3705 sets forth a registration and enforcement procedure which, for statute of limitations purposes, is indistinguishable from the UIFSA and UEFJA. We recognize that *Morrissey* did not directly address § 3705. Nevertheless, the Court noted that "various registration and enforcement statutes" exist, and that they all have the common feature of substituting enforcement procedures for new actions. *Morrissey,* 713 A.2d at 617. In light of the reasoning of *Morrissey,* we would consider it anomalous to come to a contrary conclusion with respect to § 3705. This is particularly true because the text of § 3705 does not include a specific statute of limitations period which could arguably compel a contrary result.[9]

---

**6.** In *Morrissey,* our Supreme Court noted that "actions" are commenced by the filing of a writ of summons or a complaint. *Morrissey,* 713 A.2d at 617. In contrast, enforcement proceedings are generally commenced by filing the foreign judgment with the trial court in Pennsylvania.

**7.** Longer statutes of limitations expressly related to enforcement efforts may still apply. *See, Morrissey,* 713 A.2d at 616, *citing,* 42

Pa.C.S. § 5529 (20 year statute of limitations on executions against personal property).

**8.** Revised Uniform Reciprocal Enforcement of Support Act ("RURESA"), 23 Pa.C.S.A. §§ 4501–4540 (repealed).

**9.** Assuming *arguendo* that § 5525(5) applies to registration and enforcement proceedings under 23 Pa.C.S.A. § 3705, we would note that proceeding under this section is optional.

¶ 13 We do recognize that *Cohen* supports Appellant's position that statutes of limitations relating to the initiation of actions also apply to the enforcement of foreign alimony judgments. *Cohen,* 508 A.2d at 567. We also recognize that *Morrissey* did not expressly overrule *Cohen.* Nevertheless, we decline to follow *Cohen* because it predates *Morrissey* and conflicts with the currently-controlling principles enunciated therein. *See, Stewart,* 743 A.2d at 958 (declining to follow *Nicholas, supra,* because it conflicted with the reasoning of our Supreme Court in *Morrissey,* even though *Morrissey* did not expressly overrule *Nicholas* ). Accordingly, we hold that the trial court did not abuse its discretion or commit an error of law in determining that 42 Pa.C.S.A. § 5525(5) is inapplicable to the North Carolina judgments at issue.

¶ 14 Order affirmed.

23 Pa.C.S.A. § 3705(b). Obligees retain the right to proceed under the UEFJA, 42 Pa. C.S.A. § 4306, where the four-year statute of limitations does not apply. *Stewart,* 743 A.2d at 958.