J-E03001-23

2024 PA Super 214

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TRISTAN GLENN MYERS :
:
Appellant : No. 1120 MDA 2022

Appeal from the Judgment of Sentence Entered June 14, 2022
In the Court of Common Pleas of York County
Criminal Division at No:  CP-67-CR-0001370-2021

BEFORE:  PANELLA, P.J., LAZARUS, J., STABILE, J., DUBOW, J., KUNSELMAN,
J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., and KING, J.

OPINION IN SUPPORT OF VACATING AND REMANDING BY STABILE, J.:

**FILED: SEPTEMBER 17, 2024**

Appellant, Tristan Glenn Myers, appeals from his judgment of sentence of five to ten years' imprisonment for persons not to possess firearms, 18 Pa.C.S.A. § 6105, and related offenses.  In this discretionary sentencing appeal, Appellant argues that the court violated the Sentencing Guidelines ("Guidelines") by "double counting" one of his prior drug convictions in calculating his Guidelines sentence under Section 6105.  I agree with Appellant that the court double counted one of his prior drug convictions by using it to calculate both his offense gravity score and prior record score in the course of calculating his Guidelines sentence.  As a result, the court erroneously determined that Appellant's Guidelines sentence was 48-60 months' imprisonment instead of 30-42 months' imprisonment.  Accordingly, I would vacate Appellant's judgment of sentence and remand for resentencing on all

counts of conviction. I would also overrule this Court's prior panel decision in *Commonwealth v. Keiper,* 887 A.2d 317 (Pa. Super. 2005), to the extent that decision is inconsistent with our decision today.

On December 6, 2016, Appellant pled guilty to two felonies for possession with intent to deliver heroin ("PWID"). In February 2017, he was sentenced for these offenses.

On February 21, 2021, Appellant was arrested in the present case and charged with persons not to possess a firearm under Section 6105 (graded as a second degree felony), carrying firearms without a license under 18 Pa.C.S.A. § 6106 (graded as a third degree felony), possession of a controlled substance, possession with intent to deliver heroin, possession of drug paraphernalia, knowing or intentional manufacture and distribution of designer drug, and public drunkenness.[1]

In March 2022, prior to trial, Appellant filed a Motion To Correct Guidelines asserting that the minimum standard range sentence for the charge of persons not to possess firearms was 30-42 months, not the minimum standard range of 48-60 months calculated by the Commonwealth. Appellant argued:

(1)   His criminal information averred that he is a person not to possess firearms based on "a felony drug conviction," Motion To Correct Guidelines, at ¶ 8;

---

[1] 18 Pa.C.S.A. § 6105(a)(1), 18 Pa.C.S.A. § 6106(a)(1), 35 P.S. § 780-113(a)(16), (30), (32), (36), and 18 Pa.C.S.A. § 5505, respectively.

(2)     Under the Guidelines, the Commonwealth could not use a prior conviction to calculate his prior record score when the conviction is an element of his present offense, *id.* at ¶ 9;

(3)     The prior drug felony conviction that rendered Appellant ineligible to possess a firearm should not count in his prior record score calculation because it is an element of his present charge for persons not to possess firearms under Section 6105, *id.* at ¶ 12;

(4)     The Commonwealth calculated Appellant's prior record score as 5 by including both of his felony drug convictions in its calculation,[2] *id.* at ¶ 15;

(5)     A prior record score of 5, along with an offense gravity score of 9,[3] made the minimum standard range of his sentence 48-60 months' imprisonment, *id.* at ¶ 6;

(6)     Removal of one prior drug felony conviction reduced Appellant's prior record score to 3 and reduced the minimum standard range of his sentence to 30-42 months' imprisonment.

---

[2] Each of Appellant's prior PWID convictions were second-degree felonies that had prior record scores of 2 each. The fifth point appears to be from a 2019 conviction for endangering the welfare of children ("EWOC"), a third-degree felony with a prior record score of 1. Although the record does not mention the EWOC conviction, I take judicial notice of this conviction as another proceeding involving the same parties. *Hvizdak v. Linn*, 190 A.3d 1213, 1218 n.1 (Pa. Super. 2018).

[3] There is no dispute that Appellant's offense gravity score was 9. The only circumstance under the Guidelines in which a violation of Section 6105 carries an offense gravity score of 9 is when the firearm is unloaded or no ammunition is available. 204 Pa. Code § 303.15.

Appellant contended, in short, that it would constitute improper double counting to use a prior drug felony conviction to calculate his prior record score because that prior conviction already was an element of his present firearms charge. On April 8, 2022, following a hearing, the court denied Appellant's motion.

The case proceeded to a non-jury trial in which the parties stipulated that Appellant pled guilty to two charges of PWID on December 6, 2016. The court found Appellant guilty of all charges and proceeded immediately to sentencing. The Commonwealth contended that the Guidelines range for Appellant's conviction under Section 6105 was 48-60 months' imprisonment, the range to which Appellant had objected in his pretrial motion. The court sentenced Appellant to 5-10 years' imprisonment under Section 6105 and to shorter concurrent sentences on the other charges.

Appellant filed timely post-sentence motions raising the same Guidelines issue that he raised in his pre-trial Motion To Correct Guidelines. The court denied Appellant's post-sentence motions, and Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal:

> The sentencing court abused its discretion by including one of Appellant's felony drug convictions in his prior record score. That conviction was an element of the current offense under 18 Pa.C.S.[A.] § 6105 and was double counted for purposes of Appellant's sentencing guidelines by including it in the prior record score.

Appellant's Brief at 4.

- 4 -

Appellant's argument that the court miscalculated his prior record score implicates the discretionary aspects of his sentence. ***Commonwealth v. Troell***, 290 A.3d 296, 299 (Pa. Super. 2023). The right to appeal a discretionary aspect of a sentence is not absolute. ***Id.*** Instead, where the appellant challenges the discretionary aspects of a sentence, he must satisfy a four-part test in order to invoke this Court's jurisdiction. Under this test, we must determine: (1) whether Appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether Appellant's brief has a fatal defect, ***see*** Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, ***see*** 42 Pa.C.S.A. § 9721(b). ***Id.***

In the present case, Appellant satisfies the first three requirements of the four-part test because he filed a timely appeal to this Court, preserved the issue on appeal through post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief. Appellant also satisfies the fourth requirement, because an allegation that the trial court improperly calculated his prior record score raises a substantial question. ***Commonwealth v. Shreffler***, 249 A.3d 575, 584 (Pa. Super. 2021). I therefore turn to the substance of Appellant's argument.

## OVERVIEW OF THE GUIDELINES

In 1978, the legislature created the Pennsylvania Commission on Sentencing ("Commission") and gave it the task of "promulgat[ing] guidelines to be considered by courts in imposing sentences and, if appropriate, to propose to the legislature changes in the sentencing statutes." *Commonwealth v. Sessoms*, 532 A.2d 775, 776 (Pa. 1987). The statute that created the Commission, 42 Pa.C.S.A. § 2154 ("enabling statute"), directed it to adopt guidelines for sentencing defendants who are guilty of felonies or misdemeanors. 42 Pa.C.S.A. § 2154(a). Section 2154(b) required the guidelines to address the following factors:

> (1) Seriousness of the offense, by specifying the range of sentences applicable to crimes of a given degree of gravity.
>
> (2) Criminal history, by specifying a range of sentences of increased severity or intensity of intervention for offenders previously convicted of or adjudicated delinquent for one or more misdemeanor or felony offenses committed prior to the current offense. The commission may exclude or reduce the valuation of less serious offenses and increase the valuation of offenses committed while under supervision or in a temporal or offense pattern.
>
> (3) Criminal behavior, by specifying a range of sentences of increased severity or intensity of intervention for offenders with increased culpability, including those who possessed or used a deadly weapon or inflicted substantial harm during the commission of the current conviction offense.
>
> (4) Aggravated and mitigated ranges, by specifying variations from the range of sentences applicable on account of aggravating or mitigating circumstances.
>
> (5) The impact of any amendments to [42 Pa.C.S.A.] section 9756 (relating to sentence of total confinement).

42 Pa.C.S.A. § 2154(b).

In accordance with Section 2154, the Commission created detailed Guidelines that recommend the range of a defendant's sentence based on the seriousness of his offense, referred to as the "offense gravity score", and the seriousness of the defendant's prior criminal record, referred to as the "prior record score". The Guidelines have been amended on multiple occasions; this decision addresses the Guidelines that were in effect at the time of Appellant's offense in 2021.

When a court sentences a criminal defendant convicted of a felony and/or misdemeanor, the Guidelines require calculation of both the defendant's offense gravity score and prior record score to arrive at a recommended sentencing range. **Commonwealth v. Spenny**, 128 A.3d 234, 242 (Pa. Super. 2015) (citing 42 Pa.C.S.A. § 9721(b) & 204 Pa. Code § 303.1(a) and § 303.2(a)).[4] The Guidelines includes a matrix, 204 Pa. Code § 303.16, which provides standard range sentences for all possible combinations of offense gravity scores and prior record scores.[5]

---

[4] The Guidelines are not binding, and a court may deviate from the Guidelines in imposing sentence, but when a court departs from the Guidelines, it must "demonstrate on the record, as a proper starting point, [its] awareness of the [G]uidelines." **Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008). In the present case, the sentencing court did not purport to deviate from the Guidelines in imposing sentence.

[5] The Guidelines also provide matrices for various sentencing enhancements that are not relevant to this case. **See** 204 Pa. Code §§ 303.17(a)-303.18(c).

*Offense gravity score and prior record score.* The offense gravity score "measure[s] the seriousness of the current conviction," the first criterion identified in the enabling statute. **See** 42 Pa.C.S.A. § 2154(b)(1); **see also** Sentencing Guidelines Implementation Manual, at 99 (7th ed. 2012) ("Manual") ("offense gravity score measures the seriousness of the current conviction"). The Guidelines include lengthy charts listing the offense gravity scores for each offense. **See** 204 Pa. Code § 303.15. At the time of trial court proceedings in the present case, the lowest offense gravity score was 1, and the highest for an adult was 14 for third degree murder.[6]

The offense gravity scores for certain offenses, such as the offense in question in this case, 18 Pa.C.S.A. § 6105, "are subcategorized and scored by the Commission according to the particular circumstances of the offense." 204 Pa. Code § 303.3(b). The offense gravity score increases in accordance with the seriousness of the offense. At the time of Appellant's offense, there were ten subcategories of offense gravity scores for a Section 6105 conviction ranging from 1 to 10. The lowest and least serious score of 1 applied to a defendant who accepts an unloaded firearm from a person whom he knows was subject to a Protection From Abuse order. The highest and most serious

---

[6] No offense gravity score was provided for first and second degree murder in the case of an offender over age eighteen, since both of these crimes carry a sentence of life imprisonment. In the case of an individual between ages fifteen to eighteen, there was an offense gravity score of 15.

score of 10 applied to a defendant who has a prior enumerated felony[7] and possesses or controls a firearm that is either loaded or within reach of ammunition. The parties do not dispute that Appellant's offense gravity score is 9, the applicable score when the defendant has been convicted of an enumerated felony and is carrying an unloaded firearm with no ammunition available. *See* 204 Pa. Code § 303.15 (offense gravity score of 9 under Section 6105 when person is "convicted of enumerated felony (unloaded/no ammo available)").

The prior record score measures the seriousness of the defendant's criminal history, the second criterion identified in the enabling statute. *See* 42 Pa.C.S.A. § 2154(b). The Guidelines determine prior record scores in the following manner:

> The prior record score is based on the number and type of prior convictions the defendant has on his or her criminal record. 204 Pa. Code § 303.4(a). Each prior conviction is given a point value ranging between one and four points. *See* generally 204 Pa. Code §§ 303.7, 303.15. Sections 303.7 and 303.15 set forth the point value for every Pennsylvania criminal offense, but generally speaking ..., first-degree felony ("F1") convictions are either three- or four-point offenses, F2 convictions are two-point offenses and F3 convictions are one-point offenses. *See id*.
>
> A higher prior record score yields a higher guideline sentence, up to a maximum of five points. 204 Pa. Code §§ 303.4(a)(3), 303.16(a).

*Spenny*, 128 A.3d at 242.

_____

[7] As discussed in further depth below, persons prohibited from possessing a firearm under Section 6105 are individuals who have a prior conviction for felonies enumerated under subsections (b) or (c) of the statute.

*Policy against double counting.* The Guidelines seek to avoid "double counting" a conviction in the course of determining a defendant's Guidelines sentence. Under this policy, an offense that factors into a defendant's offense gravity score should not also factor into his prior record score. The Manual repeatedly cautions against double counting. **See** Manual at 156 (comment to 204 Pa. Code § 303.8(g)) & 194 (comment to 204 Pa. Code § 303.10). This Court recognizes the same policy. **Commonwealth v. Goggins**, 748 A.2d 721, 732 (Pa. Super. 2000) (*en banc*) ("when fashioning a sentence, a sentencing court may not "double count" factors already taken into account in the sentencing guidelines").

## DISCUSSION

In this case, the court determined that Appellant's prior record score was five by including, *inter alia,* both of his prior PWID convictions in the calculation. **See** n.2, **supra**. Citing our Supreme Court's decision in **Commonwealth v. Jemison**, 98 A.3d 1254 (Pa. 2014), Appellant contends that one of his PWID convictions is an element of his new firearms offense under Section 6105 and therefore, already was included in his offense gravity score. He argues that inclusion of the same conviction in his prior record score constitutes improper double counting in violation of the Guidelines. I agree.

The Crimes Code defines the offense of persons not to carry firearms as follows:

**(a) Offense defined.--**

(1) A person **who has been convicted of an offense enumerated in subsection (b)**,[8] within or without this Commonwealth, regardless of the length of sentence **or whose conduct meets the criteria in subsection (c)** shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a) (emphasis added).  Subsection (c) of Section 6105

provides in relevant part:

In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a): …

(2) A person who has been **convicted of an offense** under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years.

18 Pa.C.S.A. § 6105(c)(2) (emphasis added).

Section 6105's penalty provision provides in relevant part:

**(a.1) Penalty.--**

(1) Except as provided under paragraph (1.1), a person convicted of a felony enumerated under subsection (b) or a felony under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, who violates subsection (a) commits a felony of the second degree.[9]

---

[8] 18 Pa.C.S.A. § 6105(b) lists a series of offenses whose commission prohibits an individual from owning a firearm, including, for example, murder, robbery, arson and rape.  Section 6105(b) is not implicated in the present case.

[9] A violation of § 6105 is upgraded to a first degree felony under two circumstances not relevant here—namely, at the time of the present violation
*(Footnote Continued Next Page)*

18 Pa.C.S.A. § 6105(a.1)(1).

Section 6105 requires proof of three elements: (1) possession, use, control, sale, transfer, manufacture or obtaining a license to possess, use, control, sell, transfer or manufacture a firearm (2) in this Commonwealth (3) by a person who has a prior conviction for an offense enumerated under subsections (b) or (c), including drug-related felonies. Appellant's offense gravity score of 9 rests in part on the fact that he has a prior conviction for a drug-related felony. *See* 204 Pa. Code § 303.15 (offense gravity score of 9 applies when defendant has been convicted of, *inter alia*, a drug felony and is carrying an unloaded firearm with no ammunition available). Since the element of a prior conviction factors into his offense gravity score, it cannot also factor into his prior record score, because doing so violates the Guidelines' policy against double-counting convictions.

I conclude that one of Appellant's PWID convictions (a drug related felony) applies to his offense gravity score, while his other PWID conviction (also a drug related felony) counts toward his prior record score. I reach this determination by construing the plain language of Section 6105 and the Guidelines. Section 6105 only requires a single prior conviction for an offense enumerated under subsections (b) and (c). *See* 18 Pa.C.S.A. § 6105 (a)(1)

---

of Section 6105, the defendant has a prior conviction under Section 6105 or was in physical possession or control of a firearm. 18 Pa.C.S.A. § 6105(a.1)(1.1). Appellant was not charged with or convicted of a first degree felony under Section 6105.

(requiring prior conviction for "**an** offense" enumerated under subsection (b));

18 Pa.C.S.A. § 6105(c)(2) (requiring prior conviction for "**an** offense" under

Controlled Substance, Drug, Device and Cosmetic Act). Consistent with this

statutory text, the Guidelines state that the offense gravity score of 9 for an

offense under Section 6105 is based on one, and only one, prior felony. ***See***

Pa. Code 303.15 (prescribing offense gravity score of 9 for a person "convicted

of **enumerated felony or drug felony** (unloaded/no ammo available)"). It

is also notable that the Guidelines prescribe the same offense gravity score

regardless of whether the defendant has one or multiple felony convictions.

In my view, had the Sentencing Commission intended the offense gravity

score to encompass more than one felony conviction, it would have prescribed

a higher offense gravity score for multiple convictions than for one conviction.

The fact that it only provided a single offense gravity score indicates that it

only intended the offense gravity score to encompass a single felony

conviction. For these reasons, Appellant's offense gravity score of 9 factors

in only one of Appellant's prior PWID felonies. Since Appellant's second felony

is not factored into his offense gravity score, it is to be counted in his prior

record score.[10]

---

[10] I respectfully note that Judge King's opinion in support of affirmance ("OISA") does not take the analysis in this paragraph into account. Specifically, Judge King's opinion does not take into account: (1) Section 6105(a)(1) and (c)(2)'s use of "**an** offense", (2) the consistency between this text and the Guidelines' prescription of 9 as the offense gravity score based

*(Footnote Continued Next Page)*

By including both of Appellant's drug-related convictions in his prior record score, the sentencing court miscalculated Appellant's prior record score as 5 because one of Appellant's prior PWID convictions already was considered in the offense gravity score for his Section 6105 conviction. This mistake resulted in the court imposing a standard minimum Guidelines sentence as 48-60 months. When Appellant's correct prior record score of 3 is considered, the correct standard minimum Guidelines sentence is 30-42 months' imprisonment.

The Commonwealth argues that under **Commonwealth v. Keiper**, 887 A.2d 317 (Pa. Super. 2005), Appellant's conviction was merely a "pre-condition" to charging Appellant under Section 6105, not an element of this charge, and therefore the court did not double count the PWID conviction when computing Appellant's prior record score. In my view, the Supreme Court's analysis in **Jemison** makes clear that Appellant's PWID conviction is an element of his offense under Section 6105, not merely a pre-condition. Therefore, Appellant correctly posits that one of his prior PWID convictions already was "baked into" his offense gravity score, Appellant's Brief at 20, and cannot be double-counted in his prior record score.

_____

on one, and only one, prior felony, (3) the fact that the Guidelines prescribe the same offense gravity score regardless of whether the defendant has one or more multiple felony convictions, and (4) the conclusion that logically arises from these points, *viz.*, Appellant's offense gravity score of 9 factors in only one of his prior PWID felonies, while his second felony only counts in his prior record score.

To elaborate, in **Keiper**, which this Court decided in 2005, the defendant pleaded guilty to persons not to possess firearms under Section 6105. The court found that his prior record score was three based on his prior burglary conviction. The defendant claimed that his prior record score was zero because his burglary conviction was an element of the offense to which he pled guilty. We determined that the court properly calculated the defendant's prior record score stating:

> The conduct in . . . owning a gun in section 6105 . . . is legal and only becomes illegal after the person is convicted of an enumerated offense. Here, . . . the prior conviction of burglary is merely a pre-condition to charging [the defendant] with a violation of section 6105. **See** [**Commonwealth v.**] **Johnson**, 758 A.2d [1214] [(Pa. Super. 2000)].[11] This pre-condition is not part of the illegal conduct in which [the defendant] participated, owning three rifles in violation of section 6105. Therefore, we reject [the defendant's] argument that the 1997 burglary conviction was included as an element of section 6105 because that pre-condition is not part of the conduct which led to the charges.

**Keiper**, 887 A.2d at 321.

Nine years after **Keiper**, our Supreme Court decided **Jemison**. The issue in **Jemison** was whether, during trial on the charge of persons not to possess firearms, the Commonwealth had the right to introduce the record of

---

[11] In **Johnson**, we held that the defendant's prior rape conviction was not an element of his subsequent offenses of failing to register as a sex offender and failing to verify his address, and therefore his prior rape conviction could be used to enhance his sentence on convictions for failure to register and verify. We reasoned that although the prior rape conviction was a "precondition" to charging and convicting the defendant of failing to register as sex offender and failing to verify his address, this precondition was not part of the conduct that resulted in his current convictions. **Id.**, 758 A.2d at 1218.

- 15 -

the defendant's prior conviction for robbery where he was willing to stipulate that he had been convicted of a statutorily enumerated offense without specifying that the specific offense was robbery. The Court expressly held that a prior conviction for a specific, enumerated offense is an element of the offense of persons not to possess firearms under Section 6105. Thus, the Commonwealth was not required to accept the defendant's stipulation and had the right to introduce his prior record in order to prove this element. The Court stated:

> Our General Assembly took considerable care to delineate the specific offenses that can support a conviction of the crime of persons not to possess firearms **under § 6105, and there is no question that the relevant specific enumerated offense is an essential element of that crime** . . . **Thus, under 18 Pa.C.S.[A.] § 6105, one element of persons not to possess firearms is a prior conviction of a specific, enumerated offense**, and this fact strongly supports the Commonwealth's view . . . that the prosecution should not be required to accept a stipulation which acknowledges that a prior conviction satisfies the element, but does not name or identify the specific prior offense.

*Id.*, 98 A.3d at 1261 (emphasis added).

*Jemison* resolves that a prior conviction of a specific enumerated offense is an *element* of Section 6105(a) that the Commonwealth must prove in order to obtain a conviction under that statute. This Court's decision nine years earlier in *Keiper* is plainly inconsistent with *Jemison*, because *Keiper* defined a prior conviction as a pre-condition of Section 6105, instead of as an element of the offense. Since we are bound by decisions of our Supreme Court, we must follow *Jemison* instead of *Keiper*. *See Stewart v. Stewart*,

- 16 -

743 A.2d 955, 958 (Pa. Super. 1999) (when Supreme Court's decision "implicitly overrule[s]" decision of this Court, we are bound by Supreme Court's decision). I would therefore overrule *Keiper* to the extent it is in conflict with *Jemison.* Because *Jemison* teaches that a prior conviction for an enumerated felony is an element of Section 6105, and because this element already was used to determine Appellant's offense gravity score, it cannot be used again to determine Appellant's prior record score for his current Section 6105 conviction.

Three unpublished, non-precedential decisions of this Court erroneously follow *Keiper* instead of *Jemison*. *See Commonwealth v. Patterson*, 304 A.3d 782, 2023 WL 5543616 (Pa. Super., Aug. 29, 2023); *Commonwealth v. Fretz*, 281 A.3d 1064, 2022 WL 2112887 (Pa. Super., Jun. 13, 2022); *Commonwealth v. McSorley*, 2019 WL 3306744 (Pa. Super., Jul. 23, 2019). To the extent they follow *Keiper*, these decisions no longer should be considered persuasive authority.

In *Keiper* and in each of the above unpublished decisions, the defendant argued that the sentencing court improperly double counted his prior conviction[12] into both his offense gravity score and prior record score*.* Citing *Jemison*, each defendant contended that his prior conviction was an element

---

[12] In *Fretz*, as in this case, the defendant's prior conviction was for PWID. In *McSorley* and *Patterson*, the defendants' prior convictions were for escape and robbery, respectively.

instead of a pre-condition and therefore could not be counted in both his offense gravity score and prior record score. In each case, this Court held that the sentencing court's Guidelines calculation was correct. Each panel held that **Keiper** controlled instead of **Jemison**, because **Keiper** involved sentencing while **Jemison** involved whether evidence of the prior drug conviction was admissible during trial. **Patterson**, 2023 WL at 5543616, at *3 n.5 ("[**Jemison**] did not address sentencing in its decision or categorize the prior offense as an element of Section 6105 for sentencing purposes, and therefore . . . [**Jemison**] is not relevant to this sentencing issue"); **Fretz**, 2022 WL 2112887, at *11-12; **McSorley**, 2019 WL 3306744, at *2. In effect, each decision suggests that the same component of a criminal statute can be an element of an offense during trial but transform into a mere pre-condition at sentencing. I know of no authority for this proposition; nor do these decisions provide any. Logic dictates that since a prior drug conviction is an element of Section 6105 at the beginning of a case, **Jemison**, it remains an element to the end, including at sentencing.

**Patterson**, **Fretz** and **McSorley** point out that inclusion of the defendants' prior convictions in their prior record scores did not change the *grade* of their offense. **Patterson**, 2023 WL at 5543616, at *3-4; **Fretz**, 2022 WL 2112887, at *12; **McSorley**, 2019 WL 3306744, at *2. The same holds true in this case. The inclusion of Appellant's prior drug conviction did not change the grade of his offense under Section 6105, which remained a

second-degree felony. But while the grade of Appellant's offense stayed the same, inclusion of Appellant's two prior PWID convictions caused another type of harm: it increased Appellant's prior record score from 3 to 5, thus increasing his minimum standard guidelines sentence from 30-42 months to 48-60 months. The court appeared to use the erroneous 48-60 month range as the foundation of its sentence of 5-10 years' (or 60-120 months') imprisonment. It was error to impose a sentence of imprisonment whose minimum length rests upon an erroneous Guidelines calculation.

Finally, **Fretz** asserted that the defendant's prior drug conviction in that case "could not constitute a factor for a double counting error under 204 Pa. Code § 303.8(g)(3) because that section of the Sentencing Guidelines plainly creates an exception for 'Controlled Substances convictions.'" **Id.**, 2022 WL 2112887, at *12. Section 303.8(g)(3) of the Guidelines was inapposite in **Fretz** (and is also inapposite in the present case). This Guideline provides, "The following types of offenses, charges and convictions shall not be scored in the Prior Record Score . . . [a]ny prior conviction which contributed to an increase in the grade of a subsequent conviction, except for prior Driving Under the Influence of Alcohol or Controlled Substance convictions." 204 Pa. Code § 303.8(g)(3). **Fretz** misconstrued this Guideline as applying to controlled substance convictions. In reality, the Guideline's reference to "Driving Under the Influence of Alcohol or Controlled Substance convictions" pertains to driving under the influence of either alcohol or a controlled

substance, not drug-related convictions such as PWID. *See* Manual at 155. Furthermore, Section 303.8(g)(3) was inapposite in *Fretz* because Appellant's PWID conviction did not increase the grade of the defendant's sentence. As discussed above, *see* n.9, the grade of the offense under Section 6105 remains the same whether the defendant has one PWID conviction or more than one.

I am constrained to disagree with the OISA because it adopts the rationales for double counting that this Court gave in *Keiper*, *Patterson*, *Fretz* and *McSorley*: (1) *Jemison* only addressed admissibility of evidence during trial under Section 6105 but did not address sentencing, *see* OISA at 19, (2) it was proper to include Appellant's prior felony drug conviction in his prior record score "because it did not elevate the grading of his persons not to possess firearms offense," *id.* at 20, and (3) calculation of Appellant's prior record score was proper under Section 303.8(g)(3) of the Guidelines, *id.* at 14 (highlighting the text of Section 303.8(g)(3), 16 n.13, and 20-21 (citing Section 303.8(g)(3) with approval). Based on my analysis above, I respectfully submit that none of these rationales are persuasive.

For these reasons, I conclude that the trial court erroneously calculated Appellant's prior record score. The proper remedy for this error is to vacate his judgment of sentence and remand for recalculation of Appellant's prior record score and a new sentencing hearing. *Spenny*, 128 A.3d at 237 (trial court erroneously determined that defendant was repeat felony offender by

including prior out-of-state convictions in prior record score; judgment of sentence vacated and case remanded for recalculation of prior record score, followed by new sentencing hearing). Because recalculation of Appellant's prior record score might affect his sentence under Section 6105 and thus upset the court's overall sentencing scheme, I would vacate Appellant's sentences on all convictions and remand for resentencing on all counts of conviction. *See Commonwealth v. Goldhammer*, 517 A.2d 1280, 1283-84 (Pa. 1986); *Commonwealth v. Williams*, 871 A.2d 254, 266 (Pa. Super. 2005) (if trial court errs in its sentence on one count of multi-count case, all sentences for all counts will be vacated so court can restructure its entire sentencing scheme).

President Judge Panella, Judge Lazarus and Judge Dubow join this Opinion.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/17/2024